[No. H000340. Sixth Dist. Dec. 17, 1985.]

KEVIN SWANSON, Plaintiff and Appellant, v.
MATTHEWS PRODUCTS, INC., et al., Defendants and Respondents.

## Counsel

W. Robert Morgan and Morgan, Morgan, Towery, Morgan & Spector for Plaintiff and Appellant.

Ropers, Majeski, Kohn, Bentley, Wagner & Kane, Mark G. Bonino and David J. Miclean for Defendants and Respondents.

## Opinion

**AGLIANO, Acting P. J.**—Section 4558 of the Labor Code[1] permits an employee's civil action for damages against his or her employer for injury caused by the absence of a power press safety guard—but only if the guard is missing under specified circumstances. This provision is an exception to the exclusive remedy scheme of the workers' compensation system. (§ 3602, subd. (a).) The trial court determined the instant action was not within the scope of section 4558. We affirm the court's grant of summary judgment.

The evidence is not in conflict. Plaintiff Kevin Swanson was injured while in the course and scope of his employment with defendant Matthews Products, Inc., a California corporation engaged in precision sheet metal and wire forming. On April 1, 1982, defendant purchased a No. 28 open back inclinable punch press and other machinery from Lohn Machinery Company (Lohn). The punch press had been manufactured by Walsh Press & Die Company (Walsh) in the late 1950's or early 1960's. At the time of the 1982 purchase by defendant, the machinery was inspected by defendant's representatives, Dennis Matthews and Peter Losinski. Samuel Lohn, president of Lohn, advised them that "the purchaser had the obligation and would have to bring the machines into compliance with OSHA regulations." Neither Lohn nor Walsh advised the representatives that the presses required the installation of any particular guard including any manufacturer-specified point of operation guard. The machines were shipped to and received by defendant without any instruction materials. Employees of defendant installed the presses at defendant's place of business.

Two of defendant's officers, Nicholas and Dennis Matthews, had extensive experience working with punch presses. Each was familiar with safeguards which would prevent workers from placing their hands in the press while it was operating. However, they did not recall if they had previously

---

[1]All further statutory references are to the Labor Code unless otherwise indicated.

worked on presses manufactured by Walsh. Nor were defendant's employees "completely aware of the exact OSHA requirements" for a No. 28 punch press.

On January 11, 1983, plaintiff was injured while using the No. 28 press and thereafter sought and received workers' compensation benefits for his injuries. Plaintiff also brought a civil action for damages against his employer. The complaint was later amended to substitute Lohn, Walsh, and Peter Losinski, South Bay Tool Company for fictitious defendants.

Defendant moved for summary judgment on the ground there was no factual basis for liability under section 4558. The trial court granted the motion finding, *inter alia,* that plaintiff failed to raise any issue that defendants had violated section 4558.

■ Under Code of Civil Procedure section 437c, a party may move for summary judgment if the action has no merit. The court shall grant the motion if all the papers submitted show that there is no triable issue of material fact and that the moving party is entitled to judgment as a matter of law. (*O'Neil* v. *Dake* (1985) 169 Cal.App.3d 1038, 1044 [215 Cal.Rptr. 732].)

The right to recover workers' compensation benefits is the exclusive remedy of the employee or his or her dependents against the employer, except as specifically provided in sections 3602, 3706, and 4558. (§ 3602, subd. (a).)

Section 4558, subdivision (b), provides: "An employee, or his or her dependents in the event of the employee's death, may bring an action at law for damages against the employer where the employee's injury or death is proximately caused by the employer's knowing removal of,[2] or knowing failure to install,[3] a point of operation guard on a power press, and this removal or failure to install is specifically authorized[4] by the employer under conditions known by the employer to create a probability of serious

---

[2] "'Removal' means physical removal of a point of operation guard which is either installed by the manufacturer or installed by the employer pursuant to the requirements or instructions of the manufacturer." (§ 4558, subd. (a)(5).)

[3] "'Failure to install' means omitting to attach a point of operation guard either provided or required by the manufacturer, when the attachment is required by the manufacturer and made known by him or her to the employer at the time of acquisition, installation, or manufacturer-required modification of the power press." (§ 4558, subd. (a)(2).)

[4] "'Specifically authorized' means an affirmative instruction issued by the employer prior to the time of the employee's physical injury or death, but shall not mean any subsequent acquiescence in, or ratification of, removal of a point of operation safety guard." (§ 4558, subd. (a)(6).)

injury or death." ■ ■ ■ ■ Subdivision (c) further provides: "No liability shall arise under this section absent proof that the manufacturer[5] designed, installed, required, or otherwise provided by specification for the attachment of the guards and conveyed knowledge of the same to the employer. Proof of conveyance of this information to the employer by the manufacturer may come from any source."

Under section 4558, subdivision (c), a plaintiff must prove (1) the manufacturer designed, installed or required the attachment of guards to the power press and (2) the manufacturer conveyed knowledge of these specifications to the employer. ■ Plaintiff failed to produce evidence to establish either of these elements. A manufacturer is defined as a designer, fabricator, or assembler of a power press. Here, Walsh was the manufacturer of the press which injured plaintiff. Defendant presented undisputed evidence that none of defendant's officers or employees had any knowledge of the manufacturer's requirements or specifications, if any ever existed, for point of operation guards on the No. 28 punch press. In response, plaintiff presented evidence of Lohn's advice to defendant's representatives the press did not comply with Occupational Safety and Health Act (OSHA)[6] standards.

Plaintiff argues that defendant's knowledge of OSHA-required point of operation guards would satisfy the requirements of section 4558. The argument misses the point. The statute makes no reference to OSHA standards. Instead, it provides for civil recovery under certain circumstances where an employer removes or fails to install guards *specified by the manufacturer.* Plaintiff submitted no evidence that Walsh ever had such specifications for its No. 28 press or, if it did, that defendants had knowledge concerning them.

---

[5] "'Manufacturer' means the designer, fabricator, or assembler of a power press." (§ 4558, subd. (a)(3).)

There is no potential for a finding, as plaintiff suggests, that defendant was the manufacturer. Even if it were determined that defendant was the manufacturer, there is nothing in the record to indicate the manufacturer itself specified a point of operation guard.

[6] The California and federal Occupational Safety and Health Acts (OSHA) are set forth at Title 8, California Administrative Code section 4206 and 29 Code of Federal Regulations section 1910.217(c)(1)(i).

Title 8, California Administrative Code, section 4206, states: "The employer shall provide and ensure the use of 'point of operation guards' or properly applied and adjusted point of operation devices for every operation performed on a power operated press. Exception: When the point of operation opening is one-fourth-inch or less."

29 Code of Federal Regulations section 1910.217(c)(1)(i) states: "(c) *Safeguarding the point of operation—*(1) *General requirements.* (i) It shall be the responsibility of the employer to provide and insure the usage of 'point of operation guards' or properly applied and adjusted point of operation devices on every operation performed on a mechanical power press." (Italics in original.)

■ Defendant also presented evidence that it never obtained information from Walsh or any other source regarding point of operation guards specified by Walsh. To counter this evidence, plaintiff submitted the affidavit of Samuel Lohn, a representative of Lohn, who sold the Walsh presses to defendant. It reads in part: "3. That at the time of the purchase, the machinery, including the Walsh Punch Press, abovementioned, was inspected by Mr. Matthews, as well as the other gentleman, and that after inspecting same were advised that Lohn Machinery Company makes no warranties as to the condition or as to the operation of the equipment, and that the purchaser had the obligation and would have to bring the machines into compliance with OSHA regulations in order to use same; . . . [¶] 5. That the equipment was shipped 'as is and as inspected' and was paid for, and accepted, as is as inspected, by the MATTHEWS METAL PRODUCTS CORPORATION (see Exhibit A); [¶] 6. I do not know what was done to the machinery, if anything, after it left our store, but I do know that both Dennis Matthews and Peter Losinski, who was with him, had actual knowledge that the machine had to be modified to conform with federal law."

The Lohn affidavit does not rebut defendant's evidence and raises no triable issue. Section 4558 requires that knowledge of manufacturer specifications be conveyed by the manufacturer to the employer. Lohn is not the manufacturer; nor does the affidavit refer to the manufacturer's specifications for point of operation guards on its presses. Thus, defendant's evidence that Walsh did not convey any information regarding manufacturer specifications for the attachment of the guards stands unchallenged.

■ Relying on the language of section 4558, subdivision (c), which states: "Proof of conveyance of this information [manufacturer's specifications for point of operation guards] to the employer by the manufacturer may come from any source," plaintiff argues that proof of the employer's knowledge need not come from the manufacturer. Section 4558, subdivision (c) requires the plaintiff to prove that the manufacturer conveyed the information to the employer. No restrictions are placed on how plaintiff presents this evidence. However, knowledge of specifications other than the manufacturer's is simply not relevant.

While we are sympathetic to those plaintiffs injured while using machinery not in compliance with either federal or state law, plaintiff's proffered interpretation ignores the clear language of the statute. ■ "[I]f statutory language is 'clear and unambiguous there is no need for construction, and courts should not indulge in it.' [Citation.] Unless [the party seeking an alternative construction] can demonstrate that the natural and customary import of the statute's language is either 'repugnant to the general purview of the act,' or for some other compelling reason, should be disregarded,

this court must give effect to the statute's 'plain meaning.' [Citation.]" (*Tiernan* v. *Trustees of Cal. State University & Colleges* (1982) 33 Cal.3d 211, 218-219 [188 Cal.Rptr. 115, 655 P.2d 317].)

█ To meet the requirements of section 4558, a plaintiff must also show that the employer specifically authorized the removal or noninstallation of the guard on the power press. "Specifically authorized" is defined as "an affirmative instruction issued by the employer" prior to the employee's injury. The definition does not include any subsequent acquiescence or ratification of removal of the safety guard. In the instant case, plaintiff presented no such evidence.

We note that plaintiff was granted three continuances over a period of approximately six months to discover evidence in support of the application of section 4558. We can only conclude, under the circumstances, that no such evidence exists. Since defendant could not be found liable under section 4558, the trial court properly granted defendant's motion for summary judgment.

The judgment is affirmed.

Brauer, J., and O'Farrell, J.,* concurred.

Appellant's petition for review by the Supreme Court was denied March 27, 1986. Panelli, J., did not participate therein. Bird, C. J., and Mosk, J., were of the opinion that the petition should be granted.

*Assigned by the Chairperson of the Judicial Council.