[No. H007836. Sixth Dist. Oct. 31, 1991.]

FREMONT UNION HIGH SCHOOL DISTRICT, Plaintiff and Respondent, v.
SANTA CLARA COUNTY BOARD OF EDUCATION, Defendant and Respondent;
MATTHEW G., a Minor, Real Party in Interest and Appellant.

## COUNSEL

Glynn P. Falcon for Real Party in Interest and Appellant.

Breon, O'Donnell, Miller, Brown & Dannis, Margaret E. O'Donnell and Nancy B. Bourne for Plaintiff and Respondent.

Thomas M. Griffin and Nancy C. Cochrane for Defendant and Respondent.

## OPINION

**ELIA, J.**—Fremont Union High School District (FUHSD) expelled Matthew G. after he used a stun gun during an altercation with another student. Upon review, the Santa Clara County Board of Education (County Board) determined that FUHSD lacked jurisdiction to expel Matthew G. and ordered him reinstated. FUHSD then petitioned for a writ of mandate ordering County Board to set aside its decision. The trial court granted the petition. Matthew G. appeals. We affirm.

### FACTS AND PROCEDURAL BACKGROUND

Matthew was enrolled at Homestead High School in the Fremont Union High School District and was attending Middle College at DeAnza Community College, an alternative program in the district. On December 6, 1989, during the school lunch period, Matthew went to the campus of Monte Vista High School. Monte Vista High School is part of FUHSD. Shortly after arriving at Monte Vista, Matthew became embroiled in an altercation with another district student. Matthew pulled out a stun gun, and used it to "stun" the other student.

On January 16, 1990, FUHSD expelled Matthew for the remainder of the school year. He was expelled for possessing a dangerous object—a stun gun—without permission while on a district campus, and for causing, attempting to cause or threatening to cause physical injury to another person. (Ed. Code, § 48900, subds. (a) and (b).)

County Board reviewed the decision of FUHSD. On March 7, 1990, County Board determined that FUHSD lacked jurisdiction to expel Matthew because Matthew was not attending his own school or engaged in his own school activity at the time of the incident. According to the County Board, Matthew's acts were therefore not "related to school activity or school attendance" as required by Education Code section 48900.[1]

On March 12, 1990, Matthew was reinstated as a district student.

On April 5, 1990, FUHSD petitioned the Superior Court of Santa Clara County for a writ of mandate ordering the County Board to set aside its decision. The County Board answered the petition but did not file points and authorities opposing the writ. Matthew, as real party in interest, opposed the writ on the ground that FUHSD lacked jurisdiction to expel him. He also moved to strike the petition on the ground that FUHSD had failed to verify it.

On June 6, 1990 the trial court granted FUHSD's petition for writ of mandate and denied Matthew's motion to strike. Matthew moved for reconsideration, arguing that the petition was invalid because it had not been verified. In response, FUHSD filed a motion to amend the petition to add a verification. At the same time, FUHSD contended that a public entity was not required to verify a petition for a writ of mandate.

The trial court denied the motion for reconsideration, and granted the district's motion to amend the petition to add a verification.

This appeal ensued.

## DISCUSSION

Former Education Code section 48900 provided, in pertinent part, "No pupil shall be suspended or expelled for any of the acts enumerated *unless that act is related to school activity or school attendance.* A pupil may be suspended or expelled for acts which are enumerated in this section and *related to school activity or attendance* which occur at any time, including, but not limited to, any of the following: [¶] (1) While on school grounds, [¶] (2) While going to or coming from school, [¶] (3) During the lunch period whether on or off the campus, [¶] (4) During, or while going to or coming from, a school sponsored activity." (Italics added.)

---

[1]All further unspecified statutory references are to the Education Code.

The interpretation of section 48900 is a question of law. ■ In construing section 48900, we are mindful that "if statutory language is 'clear and unambiguous there is no need for construction, and courts should not indulge in it.' [Citation.] Unless [the party seeking an alternative construction] can demonstrate that the natural and customary import of the statute's language is either 'repugnant to the general purview of the act,' or for some other compelling reason, should be disregarded, this court must give effect to the statute's 'plain meaning.' [Citation.]" (*Tiernan* v. *Trustees of Cal. State University & Colleges* (1982) 33 Cal.3d 211, 218-219 [188 Cal.Rptr. 115, 655 P.2d 317]; see also *Swanson* v. *Matthews Products, Inc.* (1985) 175 Cal.App.3d 901, 907-908 [221 Cal.Rptr. 84].)

■ In addition, the words of a statute must be construed in context, "keeping in mind the nature and obvious purpose of the statute where they appear." (*Johnstone* v. *Richardson* (1951) 103 Cal.App.2d 41, 46 [229 P.2d 9].) We try to interpret the statute "with reference to the entire statutory system of which it is a part, in such a way that the various elements of the overall scheme are harmonized." (*Bowland* v. *Municipal Court* (1976) 18 Cal.3d 479, 489 [134 Cal.Rptr. 630, 556 P.2d 1081]; *Brooks* v. *County of Santa Clara* (1987) 191 Cal.App.3d 750, 754-755 [236 Cal.Rptr. 509].) A statutory interpretation which leads to absurd consequences must be rejected. (*City of Plymouth* v. *Superior Court* (1970) 8 Cal.App.3d 454, 466 [96 Cal.Rptr. 636].)

■ Matthew argues that the phrase "related to school activity or school attendance" means that the prohibited act must be related to the school the pupil was attending or to the pupil's own school activity. Because he was at Monte Vista High School, rather than Homestead (where he was enrolled), Matthew contends section 48900 does not apply.

We disagree. There are several reasons for our conclusion. First, if the prohibited act had to be related to the suspended pupil's own school activity or to the school the pupil was attending, then the statute should read "related to *his or her* school activity or *his or her* school attendance" or "related to *the pupil's* school activity or *the pupil's* school attendance." However, the statute does not include these words. Instead, section 48900 simply refers to "school activity or school attendance." Thus, it is *school* which is emphasized. As long as the prohibited act is related to school activity or school attendance, then FUHSD has jurisdiction under section 48900. Whether the pupil is attending his or her *own* school or involved in his or her *own* school activity is not determinative.

Second, the California Attorney General's interpretation of similar language does not support Matthew's position. In 48 Ops.Cal.Atty.Gen. 4 (1966), it was argued that pupils could not be expelled for conduct away from school premises and outside of school hours. This argument was based upon the phrase "related to school activity or school attendance" in section 10602, a predecessor to section 48900. The Attorney General opinion rejected this construction, stating that it was too narrow. Matthew's construction of section 48900 is even more restrictive. He argues that conduct occurring on school premises and during school hours is exempt so long as it does not take place on the premises of the school attended by the student.

Third, Matthew's interpretation would not promote a safe and orderly education environment. Expulsion is an administrative penalty designed to promote student safety. This goal would not be furthered if a student could use a stun gun so long as it was used on a campus other than his or her own. There is simply no rational reason for distinguishing between prohibited acts based upon whether they occur at a student's own campus or the campus of another student. What is determinative is the act's connection to school attendance or school activity.

Changing tactics, Matthew argues section 48900 is too broad. He contends it permits FUHSD to expel him regardless of the circumstances in which the prohibited conduct occurs. For example, he states FUHSD could have expelled him if he had used the stun gun "at a restaurant."

We disagree. Failing to obtain a restrictive reading of "related to school activity or school attendance," Matthew now chooses to ignore the phrase altogether. Section 48900 cannot be read either as narrowly or as broadly as Matthew suggests. The reference to "school activity or school attendance" appropriately limits FUHSD's jurisdiction. If use of the stun gun was related to school activity or school attendance, then section 48900's requirements are met. Even FUHSD concedes that if Matthew "had walked into a restaurant on a weekend where no school activity were in progress and shot someone unrelated to the school district," then section 48900 would not apply.

Matthew's next contention is that section 48900 is void for vagueness. A law is not vague if it gives "the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly." (*Grayned* v. *City of Rockford* (1972) 408 U.S. 104, 108 [33 L.Ed.2d 222, 227, 92 S.Ct 2294].)

 Section 48900 states that the act must be related to "school activity or school attendance." Even a cursory reading of section 48900 would give notice that Matthew's acts fit the statutory criteria. A person of ordinary intelligence would recognize that using a stun gun on a *school campus* during *school hours* on another *district student* is related to school activity or school attendance. Section 48900 is set out in "terms that the ordinary person exercising common sense can sufficiently understand and comply with, without sacrifice to the public interest." (*CSC* v. *Letter Carriers* (1973) 413 U.S. 548, 579 [37 L.Ed.2d 796, 816, 93 S.Ct. 2880]; see also *Bailey* v. *City of National City* (1991) 226 Cal.App.3d 1319, 1329 [277 Cal.Rptr. 427].) Accordingly, section 48900 cannot be characterized as void for vagueness.

Matthew raises several other arguments. None has any merit. For example, he argues that his conduct was prohibited by the Penal Code, and that because these remedies were available, section 48900 was not. Matthew cites no authority for this argument. Indeed, there is none. The Education Code and the Penal Code are not mutually exclusive.

Similarly, Matthew argues that FUHSD exercised its "proprietary powers" in summoning the sheriff to arrest Matthew for trespass. Because FUHSD exercised these proprietary powers, he argues FUHSD considered him an "outsider" or "intruder" and not a district student. Once again, this argument is without merit. The fact that a school administrator chooses to remove a student who is not enrolled at that particular campus simply has no bearing upon the authority of FUHSD under section 48900.

Finally, Matthew argues that FUHSD's petition for a writ of mandate was invalid because it was unverified. However, it has been established that school districts, as public entities, are exempt from the verification requirement of Code of Civil Procedure section 1086. (See e.g. *Murrieta Valley Unified School Dist.* v. *County of Riverside* (1991) 228 Cal.App.3d 1212, 1221 [279 Cal.Rptr. 421]; *Fall River Joint Unified School Dist.* v. *Superior Court* (1988) 206 Cal.App.3d 431, 436 [253 Cal.Rptr. 587].) In addition, we note that the district did ultimately amend its petition to add a verification.

Respondent asks that sanctions be awarded for the filing of a frivolous appeal. However, we conclude that there is insufficient indication that this appeal was prosecuted for an improper motive or is indisputably without

merit. Accordingly, it does not warrant the imposition of sanctions on appeal. (Cf. Code Civ. Proc., § 907.)

The judgment is affirmed.

Agliano, P. J., and Cottle, J., concurred.