[No. H012953. Sixth Dist. Sept. 15, 1995.]

JANET BRYER, Plaintiff and Appellant, v.
SANTA CRUZ PASTA FACTORY, Defendant and Respondent.

**COUNSEL**

Butts & Johnson and Arthur L. Johnson for Plaintiff and Appellant.

Capps, Staples, Ward, Hastings & Dodson, Kenneth C. Ward and Matthew P. Sullivan for Defendant and Respondent.

## OPINION

MIHARA, J.—Plaintiff was injured as a result of the absence of a "point of operation guard" on the pasta machine she was operating in the course of her employment for defendant. She brought a civil action for damages against defendant. Defendant moved for summary judgment on the ground that plaintiff was limited to workers' compensation. Defendant asserted that Labor Code section 4558, the "power press" exception to workers' compensation exclusivity, was inapplicable because it was undisputed that defendant had never received any information from the manufacturer of the pasta machine regarding the necessity of a point of operation guard on the pasta machine. Defendant submitted affidavits which established that defendant had purchased the pasta machine secondhand and had never "received information of any kind" from the manufacturer of the pasta machine. Plaintiff submitted affidavits which attempted to dispute this proposition. Her affidavits showed that defendant had "noticed the hole in the machine" which indicated to defendant that a safety device should have been in that location and was missing. The individual who had sold the pasta machine to defendant indicated that he had probably pointed out the absence of the safety device when defendant purchased the machine. The trial court granted defendant's summary judgment motion and entered judgment for defendant. Plaintiff filed a timely notice of appeal.

"An employee . . . may bring an action at law for damages against the employer where the employee's injury or death is proximately caused by the employer's knowing removal of, or knowing failure to install, a point of operation guard on a power press, and this removal or failure to install is specifically authorized by the employer under conditions known by the employer to create a probability of serious injury or death." (Lab. Code, § 4558, subd. (b).) "No liability shall arise under this section absent proof that *the manufacturer* designed, installed, required, or otherwise provided by specification for the attachment of the guards and *conveyed knowledge of the same to the employer*. Proof of conveyance of this information to the employer by the manufacturer may come from any source." (Lab. Code, § 4558, subd. (c), italics added.) " 'Failure to install' means omitting to attach a point of operation guard either provided or required by the manufacturer, when the attachment is required by the manufacturer and made known by him or her to the employer at the time of acquisition, installation, or manufacturer-required modification of the power press." (Lab. Code, § 4558, subd. (a)(2).) " 'Manufacturer' means the designer, fabricator, or assembler of a power press." (Lab. Code, § 4558, subd. (a)(3).)

Plaintiff claims that there was a disputed factual issue with respect to the requirement of Labor Code section 4558 that a plaintiff prove that the

manufacturer of the pasta machine conveyed knowledge of the necessity of a point of operation guard to the employer. Defendant's affidavits established that there were no communications between the manufacturer of the pasta machine and defendant. The only express communications defendant received regarding the pasta machine were the representations of the individual who sold the machine to defendant. However, plaintiff points out that defendant acquired knowledge of the absence of a safety device from defendant's observation of "the hole" in the pasta machine. She claims that this evidence could support a conclusion that *the manufacturer conveyed knowledge* of the necessity of a point of operation guard to defendant *by means of this hole.*

In *Swanson* v. *Matthews Products, Inc.* (1985) 175 Cal.App.3d 901 [221 Cal.Rptr. 84], this court rejected a similar argument. In that case, there was evidence that the third party that had sold the power press to the employer had told the employer that the machine would need to be modified to comply with federal regulations. (*Id.* at p. 907.) The employee argued that "proof of the employer's knowledge need not come from the manufacturer." (*Ibid.*) This court concluded that the statute was unambiguous, and it rejected the employee's assertion on the basis of the "clear language of the statute." (*Ibid.*) Plaintiff distinguishes *Swanson* on the ground that *Swanson* involved an employer's knowledge of specifications other than those of the manufacturer. While it is true that *Swanson*'s holding is not directly on point because the employee in *Swanson* sought to rely on evidence of the employer's knowledge of federal requirements, *Swanson*'s interpretation of the statute is nevertheless relevant to our analysis of plaintiff's contention.

As *Swanson* explained, Labor Code section 4558, subdivision (c) is plain and unambiguous. (175 Cal.App.3d at pp. 907-908.) The statute explicitly requires the plaintiff to prove that the employer acquired knowledge *from the manufacturer* of the need for a point of operation guard. Defendant's affidavits negated this element, and plaintiff failed to produce any evidence that defendant acquired such knowledge from the manufacturer of the pasta machine. Plaintiff introduced no evidence that the representations of the third party from whom defendant acquired the pasta machine were attributable to the manufacturer. Plaintiff's reliance on the existence of a "hole" in the pasta machine was similarly insufficient. While defendant was actually able to discern from the existence of a hole in the pasta machine that a safety device was missing, a hole cannot possibly constitute a *conveyance of knowledge from the manufacturer of the need for a point of operation guard.* At most, the hole was an indication that something was missing from the pasta machine. The "hole" conveyed no description of the nature of the missing part, and it certainly did not convey the specific fact that the

manufacturer *required* a point of operation guard. It simply could not constitute a conveyance by the manufacturer of the knowledge which is required under the statute.[1] Consequently, there was no dispute of fact, and defendant was entitled to judgment as a matter of law.

## CONCLUSION

The judgment is affirmed.

Bamattre-Manoukian, Acting P. J., and Wunderlich, J., concurred.

---

[1] The legislative history of Labor Code section 4558 indicates that the language referring to the manufacturer's conveyance of knowledge to the employer was intended to be limited to instances where the employer was "*notified* by the manufacturer" of the need for a point of operation guard. (*Flowmaster, Inc.* v. *Superior Court* (1993) 16 Cal.App.4th 1019, 1031, fn. 7 [20 Cal.Rptr.2d 666], italics added.) Obviously, a hole does not constitute a notification.