TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

_____

| | | |
|---|---|---|
| OPINION | : | |
| | : | No. 96-906 |
| of | : | |
| | : | April 24, 1997 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| ANTHONY M. SUMMERS | : | |
| Deputy Attorney General | : | |
| | : | |

_____

THE HONORABLE DICK MONTEITH, MEMBER OF THE CALIFORNIA SENATE, has requested an opinion on the following questions:

1. Under what circumstances may a pupil be expelled from school for "possessing" a firearm?

2. What circumstances constitute an abuse of discretion by a county board of education in reversing the decision of a governing board of a school district to expel a pupil?

3. May the governing board of a school district seek judicial review of a decision of the county board of education reversing the district board's decision to expel a pupil?

CONCLUSIONS

1. A pupil may be expelled from school for "possessing" a firearm if the pupil knowingly and voluntarily has direct control over the firearm. The only exceptions are where the pupil has the permission of school officials to possess the firearm or where the possession is brief and solely for the purpose of disposing of the firearm such as handing it to school officials.

2. A county board of education abuses its discretion in reversing the decision of a governing board of a school district to expel a pupil if it does not comply with the statutory requirements applicable to such review.

3. The governing board of a school district may seek judicial review of a decision of the county board of education reversing the district board's decision to expel a pupil.

ANALYSIS

The Legislature has enacted a comprehensive statutory scheme (Ed. Code, §§ 48900-48926) **Footnote No. 1** governing the suspension and expulsion of pupils from elementary and secondary schools.

"Suspension" is the "removal of a pupil from ongoing instruction for adjustment purposes. . . ." (§ 48925, sub. (d).) "Expulsion" is the "removal of a pupil from (1) the immediate supervision and control, or (2) the general supervision, of school personnel. . . ." (§ 48925, subd. (b).)

The three questions presented for resolution concern the expulsion of a pupil for possessing a firearm on school property. What does "possession" mean, when does a county board of education abuse its discretion in reversing a school board's decision to expel a pupil, and may the school board seek judicial review of the county board's decision?

1. "Possession" of a Firearm

Section 48900 states in part:

"A pupil may not be suspended from school or recommended for expulsion unless the superintendent or the principal of the school in which the pupil is enrolled determines that the pupil has:

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"(b) Possessed, sold, or otherwise furnished any firearm, knife, explosive, or other dangerous object unless, in the case of possession of any object of this type, the pupil had obtained written permission to possess the item from a certificated school employee, which is concurred in by the principal or the designee of the principal.

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"A pupil may not be suspended or expelled for any of the acts enumerated unless that act is related to school activity or school attendance occurring within a school under the jurisdiction of the superintendent or principal or occurring within any other school district.

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ."

Section 48915 provides in part:

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"(c) The principal or superintendent of schools shall immediately suspend, pursuant to Section 48911, and shall recommend expulsion of a pupil that he or she determines has committed any of the following acts at school or at a school activity off school grounds.

"(1) Possessing, selling, or otherwise furnishing a firearm. This subdivision does not apply to an act of possessing a firearm if the pupil had obtained prior written permission to possess a firearm from a certificated school employee, which is concurred in by the principal or the designee of the principal. This subdivision applies to an act of possessing a firearm only if the possession is verified by an employee of a school district.

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ."

The first question concerns the meaning of the terms "possessed" and "possessing" in sections 48900 and 48915 as they related to the possession of a firearm.

In addressing this question, we rely on well established principles of statutory construction. We are to interpret statutes so as to effectuate the intent of the Legislature. (*Brown* v. *Kelly Broadcasting Co.* (1989) 48 Cal.3d 711, 724.) "In doing so we turn first to the statutory language, since the words the

(1989) 48 Cal.3d 711, 724.) "In doing so we turn first to the statutory language, since the words the Legislature chose are the best indicators of its intent. [Citation.]" (*Freedom Newspapers, Inc.* v. *Orange County Employees Retirement System* (1993) 6 Cal.4th 821, 826.) The words of a statute are to be given "their usual and ordinary meaning." (*DaFonte* v. *Up-Right, Inc.* (1992) 2 Cal.4th 593, 601.) "Statutes are to be given a reasonable and commonsense interpretation . . . ." (*Dyna-Med, Inc.* v. *Fair Employment & Housing Com.* (1987) 43 Cal.3d 1379, 1392.)

"Possession" in this context has been defined by the courts as the immediate control of an object; the thing possessed must be under the dominion of the possessor. (*People* v. *Bigelow* (1951) 104 Cal.App.2d 380, 385.) Possession may be in the hand, clothes, purse, bag, or other container. (*People* v. *Sills* 156 Cal.App.2d 618, 622.) Having the object for even a limited time and purpose constitutes possession. (*People* v. *Neese* (1969) 272 Cal.App.3d 235, 245.) However, brief possession solely for the purpose of disposing of the object is not unlawful, as in the case where a person removes illegal drugs from the pocket of an unconscious friend and immediately throws them away. (*People* v. *Mijares* (1971) 6 Cal.3d 415; see also *People* v. *Cole* (1988) 202 Cal.App.3d 1439.) We believe that "disposing" of an object in this context includes transferring it to law enforcement officers or other proper authorities.

Accordingly, if a pupil is handed a firearm by another pupil, brings it to a restroom, and abandons it, such acts constitute a violation of section 48900 or 48915, unless the sole purpose of the brief possession is to dispose of the firearm. If a pupil places a firearm in the backpack of another pupil, tells the other pupil of the firearm's location, and the other pupil returns the firearm an hour later wrapped in a coat, both pupils have sufficient "possession" to constitute a violation of section 48900 or 48915; no intention to dispose of the firearm could be asserted based upon such limited facts. It also constitutes a violation of either statute if the pupil accepts a firearm from another pupil, hides it under his coat for a short time, and then returns the firearm. As long as the possession is knowing and voluntary and not for the purpose of disposing of the firearm, e.g., handing the firearm to school officials, the pupil "possesses" the firearm regardless of the length of time involved.

We conclude in answer to the first question that a pupil may be expelled from school for "possessing" a firearm if the pupil knowingly and voluntarily has direct control over the firearm. The only exceptions are where the pupil has the permission of school officials to possess the firearm (§§ 48900, 48915) or where the possession is brief and solely for the purpose of disposing of the firearm such as handing it to school officials.

2. Abuse of Discretion

The second question presented concerns the circumstances under which a county board of education abuses its discretion in reversing the decision of a school board to expel a pupil. We conclude that the failure to comply with the governing statutory requirements would constitute an abuse of discretion.

Following expulsion by the governing board of a school district, an appeal to the county board of education is available to the pupil or the pupil's parent or guardian. (§ 48919.) The basis for the county board's decision is the record of the hearing before the district governing board. (§ 48921.) The scope of the county board's review is defined by section 48922:

"(a) The review by the county board of education of the decision of the governing board shall be limited to the following questions:

"(1) Whether the governing board acted without or in excess of its jurisdiction.

"(2) Whether there was a fair hearing before the governing board.

"(3) Whether there was a prejudicial abuse of discretion in the hearing.

"(4) Whether there is relevant and material evidence which, in the exercise of reasonable diligence, could not have been produced or which was improperly excluded at the hearing before the governing board.

"(b) As used in this section, a proceeding without or in excess of jurisdiction includes, but is not limited to, a situation where an expulsion hearing is not commenced within the time periods prescribed by this article, a situation where an expulsion order is not based upon the acts enumerated in Section 48900, or a situation involving acts not related to school activity or attendance.

"(c) For purposes of this section, an abuse of discretion is established in any of the following situations:

"(1) If school officials have not met the procedural requirements of this article.

"(2) If the decision to expel a pupil is not supported by the findings prescribed by Section 48915.

"(3) If the findings are not supported by the evidence.

A county board of education may not reverse the decision of a governing board to expel a pupil based upon a finding of an abuse of discretion unless the county board of education also determines that the abuse of discretion was prejudicial."

A county board's decision is also circumscribed by the terms of section 48923:

"The decision of the county board shall be limited as follows:

"(a) Where the county board finds that relevant and material evidence exists which, in the exercise of reasonable diligence, could not have been produced or which was improperly excluded at the hearing before the governing board, it may do either of the following:

"(1) Remand the matter to the governing board for reconsideration and may in addition order the pupil reinstated pending such reconsideration.

"(2) Grant a hearing de novo upon reasonable notice thereof to the pupil and to the governing board. The hearing shall be conducted in conformance with the rules and regulations adopted by the county board under Section 48919.

"(b) In all other cases, the county board shall enter an order either affirming or reversing the decision of the governing board. In any case in which the county board enters a decision reversing the local board, the county board may direct the local board to expunge the record of the pupil and the records of the district of any references to the expulsion action and such expulsion shall be deemed not to have occurred."

These statutes define the scope of the county board's discretion. If a county board should act in a manner not authorized by the statutes, such failure would constitute an abuse of discretion. (See Code Civ. Proc., § 1094.5, subd. (b); *Laupheimer* v. *State of California* (1988) 200 Cal.App.3d 440, 463; *City of Poway* v. *City of San Diego* (1984) 155 Cal.App.3d 1037, 1041 ["the question of abuse of discretion, which is established if the agency has not proceeded as required by law . . ."].)

Accordingly, we conclude in answer to the second question that a county board of education abuses its discretion in reversing the decision of a governing board of a school district to expel a pupil if it

abuses its discretion in reversing the decision of a governing board of a school district to expel a pupil if it does not comply with the statutory requirements applicable to such administrative review.

### 3. Judicial Review

The final question presented is whether the governing board of a school district may seek judicial review of the decision of a county board of education reversing the school board's decision to expel a pupil. We conclude that it may.

Section 48924 provides:

"The decision of the county board of education shall be final and binding upon the pupil and upon the governing board of the school district. The pupil and the governing board shall be notified of the final order of the county board, in writing, either by personal service or by certified mail. The order shall become final when rendered."

Do the words "final" and "binding" contained in section 48924 preclude a school board from seeking judicial review of the county board's order?

In *Fremont Union High Sch. Dist.* v. *Santa Clara County Bd. of Education* (1991) 235 Cal.App.3d 1182, the governing board of a school district sought judicial review of the decision of a county board of education reversing the school board's decision to expel a pupil. It was unquestioned that the school board could seek judicial review, and indeed the trial court granted the board's petition for a writ of mandate ordering the county board to set aside its decision; on appeal, the judgment in favor of the school board was affirmed.

While there is no explicit statutory directive for judicial review of a county board's decision concerning expulsion, it is the general rule that the decisions of administrative bodies rendering quasi-judicial decisions are reviewable under the administrative mandate provisions of Code of Civil Procedure section 1094.5. (See *Temescal Water Co.* v. *Dept. of Public Works* (1955) 44 Cal.2d 90, 102.) The language of section 48923, that the decision of the county board is "final and binding upon the pupil and upon the governing board of the school district," in no way precludes either the school board or the pupil from seeking judicial review. Indeed, the statement that the decision is "final and binding" establishes one of the requirements for judicial review, since only final administrative decisions may be reviewed by a court. (See, e.g., *State of California* v. *Superior Court (Veta)* (1974) 12 Cal.3d 237, 245.)

We thus conclude in answer to the third question that the governing board of a school district may seek judicial review of a decision of the county board of education reversing the district board's decision to expel a pupil.

\* \* \* \* \*

---

**Footnote No. 1**
All references hereafter to the Education Code are by section number only.