TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

_____

| | | |
|---|---|---|
| OPINION | : | |
| | : | No. 96-501 |
| of | : | |
| | : | April 24, 1997 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| ANTHONY M. SUMMERS | : | |
| Deputy Attorney General | : | |
| | : | |

_____

THE HONORABLE KERRY MAZZONI, MEMBER OF THE CALIFORNIA ASSEMBLY, has requested an opinion on the following questions:

1.   May a school district suspend the enforcement of an expulsion order if the pupil has committed one of the offenses for which expulsion must be ordered?

2.   In taking final action to expel a pupil, must the governing board disclose the pupil's name and the cause for the expulsion?

## CONCLUSIONS

1.   A school district may suspend the enforcement of an expulsion order even when the pupil has committed one of the offenses for which expulsion must be ordered.

2.   In taking final action to expel a pupil, the governing board must disclose the pupil's name and the cause for the expulsion.

## ANALYSIS

The Legislature has enacted a comprehensive statutory scheme (Ed. Code, §§ 48900-48926) **Footnote No. 1** governing the suspension and expulsion of pupils from public elementary and secondary schools. "Suspension" is the "removal of a pupil from ongoing instruction for adjustment purposes . . . ." (§ 48925, subd. (d).) "Expulsion" is the "removal of a pupil from (1) the immediate supervision and control, or (2) the general supervision, of school personnel . . . ." (§ 48925, subd. (b).)

The focus of the two questions presented for resolution is the expulsion of a pupil under the terms of section 48915. Section 48915 provides:

"(a) Except as provided in subdivisions (c) and (e), the principal or the superintendent

of schools shall recommend the expulsion of a pupil for any of the following acts committed at school or at a school activity off school grounds, unless the principal or superintendent finds that expulsion is inappropriate, due to the particular circumstance:

".  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .

"(b) Upon recommendation by the principal, superintendent of schools, or by a hearing officer or administrative panel appointed pursuant to subdivision (d) of Section 48918, the governing board may order a pupil expelled upon finding that the pupil committed an act listed in subdivision (a) or in subdivision (a), (b), (c), (d), or (e) of Section 48900. A decision to expel shall be based on a finding of one or both of the following:

".  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .

"(c) The principal or superintendent of schools shall immediately suspend, pursuant to Section 48911, and shall recommend expulsion of a pupil that he or she determines has committed any of the following acts at school or at a school activity off school grounds:

"(1) Possessing, selling, or otherwise furnishing a firearm. This subdivision does not apply to an act of possessing a firearm if the pupil had obtained prior written permission to possess the firearm from a certificated school employee, which is concurred in by the principal or the designee of the principal. This subdivision applies to an act of possessing a firearm only if the possession is verified by an employee of a school district.

"(2) Brandishing a knife at another person.

"(3) Unlawfully selling a controlled substance listed in Chapter 2 (commencing with Section 11053) of Division 10 of the Health and Safety Code.

"(4) Committing or attempting to commit a sexual assault as defined in subdivision (n) of Section 48900 or committing a sexual battery as defined in subdivision (n) of Section 48900.

"(d) The governing board shall order a pupil expelled upon finding that the pupil committed an act listed in subdivision (c), and shall refer that pupil to a program of study that meets all of the following conditions:

"(1) Is appropriately prepared to accommodate pupils who exhibit discipline problems.

"(2) Is not provided at a comprehensive middle, junior, or senior high school, or at any elementary school.

"(3) Is not housed at the schoolsite attended by the pupil at the time of suspension.

"(e) Upon recommendation by the principal, superintendent of schools, or by a hearing officer or administrative panel appointed pursuant to subdivision (d) of Section 48918, the governing board may order a pupil expelled upon finding that the pupil, at school or at a school activity off of school grounds violated subdivision (f), (g), (h), (i), (j), (k), (*l*), or (m) of Section 48900, or Section 48900.2, 48900.3, or 48900.4, and either of the following:

".  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  ."

Sections 48900, 48900.2, 48900.3, and 48900.4 list numerous acts for which a pupil may be suspended or

Sections 48900, 48900.2, 48900.3, and 48900.4 list numerous acts for which a pupil may be suspended or recommended for expulsion. Section 48911 sets forth the procedures to be followed in suspending a pupil.

### 1. Suspension of Expulsion Order Required By Law

We are first asked whether a school district may suspend the enforcement of an expulsion order that is required by law (§ 48915, subd. (d)). We conclude that it may.

For committing one of the offenses described in subdivision (c) of section 48915, a pupil is to be "immediately suspend[ed]," and the principal or superintendent "shall recommend expulsion." Under subdivision (d) of the statute, "[t]he governing board shall order [the] pupil expelled upon finding that the pupil committed an act listed in subdivision (c) . . . ." "Shall" is clearly mandatory in this context, where the Legislature has also used the permissive term "may" (see, e.g., § 48915, subd. (b), (e)). (See *Forster* v. *Superior Court* (1992) 11 Cal.App.4th 782, 791 ["since the Legislature used the words both `shall' and `may' in the different subdivisions . . . , it presumably did so to distinguish between mandatory and directory provisions"].)

While we have indicated that expulsion is the "removal of a pupil from (1) the immediate supervision and control, or (2) the general supervision of school personnel," (§ 48925, subd. (b)), numerous acts must take place before a pupil is removed from school supervision, including: (1) commission of the offense, (2) recommendation of expulsion, (3) determination that the offense was committed, (4) the vote to expel, (5) issuance of the order of expulsion, and (6) enforcement of the order of expulsion. The mandate of subdivision (d) of section 48925 is that the governing board must "order a pupil expelled." Voting and issuance of an expulsion order are different from the enforcement of the order.

Whether an order of expulsion must be enforced or may be suspended is determined by a different statute, section 48917. Subdivision (a) of section 48917 provides:

> "The governing board, upon voting to expel a pupil, may suspend the enforcement of the expulsion order for a period of not more than one calendar year and may, as a condition of the suspension of enforcement, assign the pupil to a school, class, or program that is deemed appropriate for the rehabilitation of the pupil."

Under section 48917 an expulsion order may be suspended in its enforcement if specified conditions are met.

We are to interpret statutes so as to harmonize their various purposes. "`A statute must be construed "in the context of the entire statutory scheme of which it is a part, in order to achieve harmony among the parts."'" (*People* v. *Hull* (1991) 1 Cal.4th 266, 272.) "`[S]tatutes or statutory sections relating to the same subject must be harmonized, both internally and with each other, to the extent possible.'" (*Walnut Creek Manor* v. *Fair Employment & Housing Com.* (1991) 54 Cal.3d 245, 268.)

Section 48915 deals with a board's vote to expel, while section 48917 concerns the enforcement of an expulsion order. As indicated in the latter statute, the enforcement of an expulsion order may be suspended and the pupil assigned "to a school, class, a program that is deemed appropriate for the rehabilitation of the pupil." In this manner sections 48915 and 48917 are harmonized, and each is given effect. Neither supersedes the other.

We thus conclude in answer to the first question that a school district may suspend the enforcement of an expulsion order even when the pupil has committed one of the offenses for which expulsion must be ordered.

### 2. Disclosure of the Pupil's Name and Offense

The second question presented is whether a pupil's name and the offense committed must be

The second question presented is whether a pupil's name and the offense committed must be disclosed to the public when the pupil is ordered expelled. We conclude that disclosure is required.

Section 48918 provides several procedural methods for conducting a hearing to determine whether a pupil should be expelled. The hearing may be conducted by the governing board, a hearing officer, or an administrative panel. If the hearing is conducted by a hearing officer or administrative panel, findings of fact and a recommendation must be submitted to the governing board. (§ 48918, subd. (f).)

With respect to whether the governing board must disclose a pupil's name and the cause for expulsion, section 48918 provides:

"The governing board of each school district shall establish rules and regulations governing procedures for the expulsion of pupils. These procedures shall include, but are not necessarily limited to, all of the following:

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"(c) . . . the governing board shall conduct a hearing to consider the expulsion of a pupil in a session closed to the public, unless the pupil requests, in writing, at least five days prior to the date of the hearing, that the hearing be conducted at a public meeting. Regardless of whether the expulsion hearing is conducted in a closed or public session, the governing board may meet in closed session for the purpose of deliberating and determining whether the pupil should be expelled.

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"(j) Whether an expulsion hearing is conducted by the governing board or before a hearing officer or administrative panel, final action to expel a pupil shall be taken only by the governing board in a public session. . . .

"(k) The governing board shall maintain a record of each expulsion, including the cause therefor. Records of expulsions shall be a nonprivileged, disclosable public record.

"The expulsion order and the causes therefor shall be recorded in the pupil's mandatory interim record and shall be forwarded to any school in which the pupil subsequently enrolls upon receipt of a request from the admitting school for the pupil's school records."

Thus an expulsion hearing must be conducted in closed session unless the pupil makes a written request that the hearing be conducted at a public meeting. The final action of the governing board to expel a pupil must be taken in public, and the minutes must include the reason for the expulsion. (See also §§ 35145-35146.) Section 48918 expressly answers the question whether the cause of a pupil's expulsion must be disclosed to the public. It must.

As for identifying the expelled pupil, we believe that the pupil's name is also subject to public disclosure under the terms of section 48918. We are to interpret statutes so as to effectuate the intent of the Legislature. (*Brown* v. *Kelly Broadcasting Co.* (1989) 48 Cal.3d 711, 724.) "In doing so we turn first to the statutory language, since the words the Legislature chose are the best indicators of its intent. [Citation.]" (*Freedom Newspapers, Inc.* v. *Orange County Employees Retirement System* (1993) 6 Cal.4th 821, 826.) The words of a statute are to be given "their usual and ordinary meaning." (*DaFonte* v. *Up-Right, Inc.* (1992) 2 Cal.4th 593, 601.) "Statutes are to be given a reasonable and commonsense interpretation . . . ." (*Dyna-Med, Inc.* v. *Fair Employment & Housing Com.* (1987) 43 Cal.3d 1379, 1392.)

Here, section 48918 requires that "final action to expel a pupil shall be taken only by the

governing board in a public session" and that "a record of each expulsion, including the cause therefor . . . shall be a nonprivileged, disclosable public record." We believe that the commonly understood meaning of the phrase "final action to expel a pupil" necessarily includes the pupil's name. It defies common sense to suggest that the phrase "a record of each expulsion" was intended by the Legislature not to identify the pupil. The pupil's name must be considered part of the final action taken by the governing board and of the record of expulsion. (See 59 Ops.Cal.Atty.Gen. 619, 621-622 (1976); 44 Ops.Cal.Atty.Gen. 147, 149-150 (1964).)

We recognize that section 49076 generally prohibits the disclosure of "pupil records" without parental consent or a judicial order. A "pupil record" is "any item of information directly related to an identifiable pupil, other than directory information, which is maintained by a school district or required to be maintained by an employee in the performance of his duties whether recorded by handwriting, print, tapes, film, microfilm or other means." (§ 40961, subd. (b).) This confidentiality provision is consistent with the Legislature's treatment of juvenile court records, which are confidential (Welf. & Inst. Code, § 827; see, e.g., *In re Christopher W.* (1973) 29 Cal.App.3d 777; *In re Fred C.* (1972) 26 Cal.App.3d 320), and with the rules of confidentiality of personal information maintained by government agencies (Civ. Code, § 1798.24).

Although the Legislature has expressed a general policy in favor of the nondisclosure of a pupil's records, it has in section 48918 required that expulsion records "shall be a nonprivileged, disclosable public record." The specific directive of section 48918 controls the more general statutory language favoring nondisclosure. (See *Woods* v. *Young* (1991) 53 Cal.3d 315, 325 ["`specific provision relating to a particular subject will govern a general provision'"]; *Fremont Comp. Ins. Co.* v. *Superior Court* (1996) 44 Cal.App.4th 867, 873 ["the specific controls the general"].) **Footnote No. 2**

The Legislature has also declared that certain California statutes (§§ 49060-49079) are to be applied in a manner consistent with the provisions of the federal Family Education Rights and Privacy Act (20 U.S.C. § 1232g) "regarding parental access to, and the confidentiality of, pupil records in order to insure the continuance of federal education funds to public educational institutions within the state . . . ." (§ 49060.) The federal law prohibits the release of any records relating to the discipline of students without the written consent of the parents; otherwise, "[n]o [federal] funds shall be made available" to the institution. (20 U.S.C. § 1232g(b)(1).) However, the federal law does not purport to preempt any state laws, and section 48918 is not one of the statutes identified by the Legislature as requiring interpretation consistent with the federal law. **Footnote No. 3**

We conclude in answer to the second question that in taking final action to expel a pupil, the governing board must disclose the pupil's name and the cause for the expulsion. The minutes of the meeting must so reflect. In responding to requests from the public for the release of expulsion records, the school district is required to disclose the pupil's name and the cause for the expulsion.

\* \* \* \* \*

---

**Footnote No. 1**
All references hereafter to the Education Code are by section number only.
**Footnote No. 2**
Courts have both withheld the names of pupils suspended or expelled (see, e.g., *John A.* v. *San Bernardino City Unified School Dist.* (1982) 33 Cal.3d 301; *Fremont Union High Sch. Dist.* v. *Santa Clara County Bd. of Education* (1991) 235 Cal.App.3d 1182; *Gordon J.* v. *Santa Ana Unified Sch. Dist.* (1984) 162 Cal.App.3d 530) and disclosed such names (see, e.g., *Garcia* v. *Los Angeles County Bd. of Education* (1981) 123 Cal.App.3d 807; *Lovell* v. *Poway Unified School Dist.* (9th Cir. 1996) 90 F.3d 367; *Coplin* v. *Conejo Valley Unified School Dist.* (C.D.Cal. 1995) 903 F.Supp. 1377). Whether a school district would be subject to liability for the failure to disclose the name is beyond the scope of this opinion. (See *Skinner* v. *Vacaville Unified School Dist.* (1995) 37 Cal.App.4th 31.)
**Footnote No. 3**
The Legislature has declared that the confidentiality terms of sections 49060-49079 are to control over any conflicting provisions contained in section 12400 and in Government Code sections 6250-6270. We cannot add section 48918 to this list specified in section 49060 in the guise of statutory interpretation. "`[C]ourts are no more at liberty to add provisions to

what is therein declared in definite language than they are to disregard any of its express provisions.'" (*Wells Fargo Bank* v. *Superior Court* (1991) 53 Cal.3d 1082, 1097.) The Legislature thus knows how to resolve the conflict between section 48918 and sections 49060-49079 in favor of the latter statutory scheme if it chooses to do so. (See *Safer* v. *Superior Court* (1975) 15 Cal.3d 230, 236, 238; *Board of Trustees* v. *Judge* (1975) 50 Cal.App.3d 920, 927; see also *Wildlife Alive* v. *Chickering* (1976) 18 Cal.3d 190, 196; *DeWeese* v. *Unick* (1980) 102 Cal.App.3d 100, 106; *Rich* v. *State Board of Optometry* (1965) 235 Cal.App.2d 591, 607.)