[No. F007327. Fifth Dist. Dec. 15, 1987.]

ALFREDO CEJA, Plaintiff and Appellant, v.
J. R. WOOD, INC., et al., Defendants and Respondents.

COUNSEL

Canelo, Hansen & Wilson and James P. Padron for Plaintiff and Appellant.

Chinello, Chinello, Shelton & Auchard and Daniel I. Aller III for Defendants and Respondents.

OPINION

**BALLANTYNE, J.—**

INTRODUCTION

Appellant Alfredo Ceja cut and mangled his left hand with a 185-millimeter Makita circular saw while constructing wooden produce bins for his employer, J. R. Wood, Inc. The saw was equipped with a spring-loaded blade guard, which had been tied back.

Appellant alleged that his hand-held circular saw was a power press. He further alleged that his employer's manager had instructed all employees to tie back the blade guards to their saws.

The employer demurred to the original complaint claiming that a hand-held saw was not a power press. The trial court sustained the defendant's demurrer with leave to amend. The defendant brought a second demurrer which the court again sustained with leave to amend. Appellant stood on his first amended complaint. The defendant then brought a motion to dismiss the complaint for failure to amend within the time allotted by the court. The action was formally dismissed by written order of the court and this appeal followed.

DISCUSSION

I.

*Does a Hand-held Circular Saw Qualify as a Power Press Under Labor Code Section 4558?*

Labor Code section 4558, subdivision (b), acts as an exception to the general rule in workers' compensation that employees may not sue their employers for injuries incurred while working for the employer.[1] (See Lab.

---

[1] Labor Code section 4558 reads as follows:

"(a) As used in this section: [¶] (1) 'Employer' means a named identifiable person who is, prior to the time of the employee's injury or death, an owner or supervisor having managerial authority to direct and control the acts of employees.

"(2) 'Failure to install' means omitting to attach a point of operation guard either provided or required by the manufacturer, when the attachment is required by the manufacturer and made known by him or her to the employer at the time of acquisition, installation, or manufacturer-required modification of the power press.

"(3) 'Manufacturer' means the designer, fabricator, or assembler of a power press.

"(4) 'Power press' means any material-forming machine that utilizes a die which is designed for use in the manufacture of other products.

Code, § 3601.) Where an employer has specifically authorized the removal or noninstallation of a power press guard, the employee may bring an action at law against the employer for injuries suffered while using the power press. (*Swanson* v. *Matthews Products, Inc.* (1985) 175 Cal.App.3d 901, 908 [221 Cal.Rptr. 84].)

*Swanson* is the only reported decision in California interpreting section 4558. However, it only analyzes the quantum of proof necessary for an injured worker to overcome a motion for summary judgment. Thus, the question of what types of tools fall under the definition of a power press is one of first impression in California.

■ In statutory construction, courts must, if possible, place significance upon every word, phrase, sentence and part of an act to achieve the underlying legislative purpose for a particular statute or legislative scheme. An interpretation making some words surplusage is to be avoided. The statute must always be construed in context, keeping in mind the nature and purpose of the statutory act. (*People* v. *McCart* (1982) 32 Cal.3d 338, 342-343 [185 Cal.Rptr. 284, 649 P.2d 926]; *Pacific Legal Foundation* v. *Unemployment Ins. Appeals Bd.* (1981) 29 Cal.3d 101, 114 [172 Cal.Rptr. 194, 624 P.2d 244]; *J. R. Norton Co.* v. *Agricultural Relations Bd.* (1979) 26 Cal.3d 1, 36-37 [160 Cal.Rptr. 710, 603 P.2d 1306]; *Gay Law Students Assn.* v. *Pacific Tel. & Tel. Co.* (1979) 24 Cal.3d 458, 478 [156 Cal.Rptr. 14, 595 P.2d 592].)

■ When construing the meaning of words in a statute, courts should first look to the plain dictionary meaning of the word unless it has a specific legal definition. (*People* v. *Knowles* (1950) 35 Cal.2d 175, 182-183 [217 P.2d

"(5) 'Removal' means physical removal of a point of operation guard which is either installed by the manufacturer or installed by the employer pursuant to the requirements or instructions of the manufacturer.

"(6) 'Specifically authorized' means an affirmative instruction issued by the employer prior to the time of the employee's physical injury or death, but shall not mean any subsequent acquiescence in, or ratification of, removal of a point of operation safety guard.

"(b) An employee, or his or her dependents in the event of the employee's death, may bring an action at law for damages against the employer where the employee's injury or death is proximately caused by the employer's knowing removal of, or knowing failure to install, a point of operation guard on a power press, and this removal or failure to install is specifically authorized by the employer under conditions known by the employer to create a probability of serious injury or death.

"(c) No liability shall arise under this section absent proof that the manufacturer designed, installed, required, or otherwise provided by specification for the attachment of the guards and conveyed knowledge of the same to the employer. Proof of conveyance of this information to the employer by the manufacturer may come from any source.

"(d) No right of action for contribution or indemnity by any defendant shall exist against the employer; however, a defendant may seek contribution after the employee secures a judgment against the employer pursuant to the provisions of this section if the employer fails to discharge his or her comparative share of the judgment."

1]; *Rosenfield* v. *Superior Court* (1983) 143 Cal.App.3d 198, 202 [191 Cal.Rptr. 611].) Each word, phrase and provision in a statute is presumed to have a meaning and to perform a useful function. (*Rosenfield* v. *Superior Court, supra,* 143 Cal.App.3d 198, 202; *Mahdavi* v. *Fair Employment Practice Com.* (1977) 67 Cal.App.3d 326, 334 [136 Cal.Rptr. 421].) The term "power press" is defined within the statute.

Section 4558, subdivision (a)(4), defines a power press as "any material-forming machine that utilizes a die which is designed for use in the manufacture of other products." This definition entails four elements. The power press itself is a machine. It is a machine that forms materials. The formation of materials is effectuated with a die. Finally, the materials being formed with the die are being formed in the manufacture of other products.

■ Appellant argues that this definition of a power press is broader than the common understanding of a power press. Appellant contends that his circular handsaw was a material-forming machine and that he was using it to manufacture products. Appellant also argued to the trial court that the saw blade is a die. On appeal, appellant claims that one definition of a die is a tool that cuts, which is precisely the function of a saw blade.

The primary impediment to appellant's definition of power press is that a power press must utilize a die to fall within the statute. Because section 4558 does not define the term "die," the California Administrative Code's definition of a die is helpful.

"Die. The tooling used in a press for cutting or forming material. An upper and a lower die make a complete set." (Cal. Admin. Code, tit. 8, § 4188, p. 432.167.)

A die, then, consists of an upper and lower tool that together form a set. A die usually forms material. It can cut material. It cuts things in a substantially different way, however, from a saw blade.[2]

Unlike a die, a saw blade cuts material with a sharp edge or sharp-edged teeth.[3] It is clear from the dictionary definition of these terms that a die is a very different kind of tool from a saw or a saw blade.

---

[2] "[D]ie . . . any of various tools or devices, originally cubical in form, for molding, stamping, cutting, or shaping; specif., *a*) a piece of engraved metal used for stamping money, medals, etc. *b*) the stationary part of a machine for shaping or punching holes in sheet metal, etc.; matrix: distinguished from PUNCH . . . *c*) the punch and matrix as a unit *d*) a tool used for cutting threads, as of screws or bolts *e*) a piece of metal with a hole through it, used in drawing wire, extruding rods, etc. . . ." (Webster's New World Dict. (2d college ed. 1982) p. 392.)

[3] The dictionary definition of a saw is as follows: "[S]aw . . . 1. *a*) a cutting tool, of various shapes and sizes and worked by hand or machinery, consisting essentially of a thin blade or

■ The obvious legislative intent and purpose in section 4558 is to protect workers from employers who wilfully remove or fail to install appropriate guards on large power tools. Many of these power tools are run by large mechanical motors or hydraulically. (Cal. Admin. Code, tit. 8, § 4188.) These sorts of machines are difficult to stop while they are in their sequence of operation. Without guards, workers are susceptible to extremely serious injuries. For this reason, the Legislature passed section 4558, subdivision (b), which subjects employers to legal liability for removing guards from powerful machinery where the manufacturer has designed the machine to have a protective guard while in operation.

■ If the Legislature had intended to include small hand-held power tools in section 4558, it would not have limited liability of employers to power presses utilizing dies. The Legislature would have included other tools in which the removal of safety guards would also lead to employer liability to employees.

Quite simply, a small hand-held circular saw is not a power press. The circular saw blade in such a tool is not a die. Each word in the definition of power press is crucial. The fact that a saw blade is not a die is fatal to appellant's cause. Small hand-held power tools are not power presses for purposes of Labor Code section 4558.

The judgment is affirmed. Each party is to bear its own costs on appeal.

Hamlin, Acting P. J., and Thaxter, J.,* concurred.

On January 5, 1988, the opinion was modified to read as printed above.

---

disk of metal, usually steel, the edge of which is a series of sharp teeth b) any of various tools or devices somewhat like this but with a sharp edge instead of teeth 2. a machine for operating a saw or saws—. . . 1. to cut or divide with a saw 2. to shape or form with a saw 3. to make sawlike cutting motions through (the air, etc.) 4. to operate or produce with a to-and-fro motion suggestive of that used in working a saw . . ." (Webster's New World Dict. (2d college ed. 1982) p. 1267.)

* Assigned by the Chairperson of the Judicial Council.