[No. B053308. Second Dist., Div. Four. Mar. 26, 1991.]

AWARD METALS, INC., Petitioner,
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
LUIS HERNANDEZ, Real Party in Interest.

1130

**COUNSEL**

Tobin, Lucks & Goldman and Thomas J. Rafacz for Petitioner.

No appearance for Respondent.

Gilbert R. Geilim and Judith A. Powell for Real Party in Interest.

**OPINION**

**EPSTEIN, J.**—This petition for writ of mandate seeks relief from the overruling of an employer's demurrer to four causes of action in a complaint brought by its former employee for injuries sustained while operating a power press. The issue presented is whether an employee who suffers industrial injury under circumstances described in Labor Code section 4558 is permitted to bring "an action at law for damages" against his or her employer on all theories, including those that require a lesser degree of proof than that statute. We conclude that the employee is not permitted to bring an action at law on a cause of action that requires a lesser showing than that prescribed by Labor Code section 4558. For that reason, we conclude that the trial court erred in overruling the demurrer as to those causes of action.

FACTUAL AND PROCEDURAL SUMMARY

This case arises from an order overruling petitioner's demurrer to all causes of action in the plaintiff's first amended complaint in the trial court proceedings. (Plaintiff is the real party in interest in the proceedings before us.) ■ The function of a demurrer is to test the sufficiency of a complaint by raising questions of law. (*Buford* v. *State of California* (1980) 104 Cal.App.3d 811, 818 [164 Cal.Rptr. 264].) The question to be determined is whether the complaint states facts sufficient to constitute a cause of action. (*Blank* v. *Kirwan* (1985) 39 Cal.3d 311, 318 [216 Cal.Rptr. 718, 703 P.2d 58].) A complaint survives a demurrer if it states facts disclosing some right to relief. (*Longshore* v. *County of Ventura* (1979) 25 Cal.3d 14, 22 [157 Cal.Rptr. 706, 598 P.2d 866].) A demurrer may be sustained without leave

to amend where the nature of the plaintiff's claim is clear and under the applicable substantive law it is plain that there can be no liability. (*Moore* v. *Morhar* (1977) 65 Cal.App.3d 896, 903 [135 Cal.Rptr. 626].)

Luis M. Hernandez was injured while operating a press brake in the course and scope of his employment as a metal worker for petitioner, Award Metals Company. Hernandez brought a civil action against the machine manufacturer, petitioner and others, alleging causes of action for negligence, breach of warranty, strict liability, intentional tort, and violation of Labor Code section 4558.[1] He sought compensatory damages on all causes of action, and sought punitive damages on the causes of action for strict liability, intentional tort, and violation of section 4558. Petitioner was included in this civil action on the basis of the exception to the exclusivity of the workers' compensation remedy applicable where an employee sustains injury because of an employer's knowing removal of or knowing failure to install a point of operation guard on a power press. (§ 4558.) Petitioner demurred to the complaint, asserting that the first four causes of action were barred by the exclusive remedy provisions of section 3602, and that the fourth and fifth causes of action were uncertain.

The trial court overruled the demurrer, reasoning that if an employee alleges facts demonstrating that the injury occurred as a result of the employer's violation of section 4558, the employee may bring an action at law for damages based not only on violation of that statute, but also on any other common law theory supported by the facts. Petitioner sought a writ of mandate commanding the trial court to sustain its demurrer. As we explain, petitioner is entitled to some of the relief it requests, and we shall issue a writ of mandate restricted to such relief.

## DISCUSSION

■ The basic theory of workers' compensation is that where the conditions of compensation exist, benefits under the workers' compensation act provide the exclusive remedy against an employer for injuries sustained in the course of employment. (*Watters Associates* v. *Superior Court* (1990) 218 Cal.App.3d 1322, 1324 [267 Cal.Rptr. 696]; *Shoemaker* v. *Myers* (1990) 52 Cal.3d 1, 14 [276 Cal.Rptr. 303, 801 P.2d 1054]; § 3602.) Section 3602, subdivision (a) provides that the only exceptions to this exclusive remedy doctrine are those specifically described in section 3602, subdivision (b), section 3706, and section 4558. The latter is the "power press" exception involved in this case. The trend of recent decisions in workers' compensation law has been to narrow the range of exceptions to the exclusivity

---

[1] All further code citations are to the Labor Code.

principle, thereby benefitting employers and employees by keeping down the cost of compensation insurance and preserving the low cost, efficiency and certainty of recovery which characterize the workers' compensation system. (See *Goldman* v. *Wilsey Foods, Inc.* (1989) 216 Cal.App.3d 1085, 1095 [265 Cal.Rptr. 294]; *Continental Casualty Co.* v. *Superior Court* (1987) 190 Cal.App.3d 156, 162 [235 Cal.Rptr. 260].)

Section 4558, subdivision (b), the exception to the exclusive remedy rule applicable to this case, provides: "An employee, or his or her dependents in the event of the employee's death, may bring an action at law for damages against the employer where the employee's injury or death is proximately caused by the employer's knowing removal of, or knowing failure to install, a point of operation guard on a power press, and this removal or failure to install is specifically authorized by the employer under conditions known by the employer to create a probability of serious injury or death." Subdivision (c) further defines the exception: "No liability shall arise under this section absent proof that the manufacturer designed, installed, required, or otherwise provided by specification for the attachment of the guards and conveyed knowledge of the same to the employer. . . ."

The purpose of this section, as explained in *Ceja* v. *J. R. Wood, Inc.* (1987) 196 Cal.App.3d 1372, 1377 [242 Cal.Rptr. 531], "is to protect workers from employers who wilfully remove or fail to install appropriate guards on large power tools. Many of these power tools are run by large mechanical motors or hydraulically. (Cal. Admin. Code, tit. 8, § 4188.) These sorts of machines are difficult to stop while they are in their sequence of operation. Without guards, workers are susceptible to extremely serious injuries. For this reason, the Legislature passed section 4558, subdivision (b), which subjects employers to legal liability for removing guards from powerful machinery where the manufacturer has designed the machine to have a protective guard while in operation."

An action under the section 4558 exception requires more than an employee's injury proximately caused by the absence of a point of operation guard on a power press. An employee also must establish that the employer *knowingly* removed the guard, or *knowingly* failed to install it, and that the removal or failure to install was *specifically authorized by the employer under conditions known by the employer to create a probability of serious injury or death*. (§ 4558, subd. (b).) " 'Specifically authorized' means an affirmative instruction issued by the employer prior to the time of the employee's physical injury or death, but shall not mean any subsequent acquiescence in, or ratification of, removal of a point of operation safety guard." (§ 4558, subd. (a)(6).) " 'Failure to install' means omitting to attach a point of operation guard either provided or required by the manufacturer,

when the attachment is required by the manufacturer and made known by him or her to the employer at the time of acquisition, installation, or manufacturer-required modification of the power press." (§ 4558, subd. (a)(2).) The employee must therefore prove that the manufacturer made some provision for attachment of the guards and conveyed knowledge of these specifications to the employer. (§ 4558, subd. (c); *Swanson* v. *Matthews Products, Inc.* (1985) 175 Cal.App.3d 901, 906 [221 Cal.Rptr. 84].)

■ From the plain language of section 4558, it is clear that an exception to the exclusivity of workers' compensation only arises for a power press injury where the employer has been expressly informed by the manufacturer that a point of operation guard is required, where the employer then affirmatively removes or fails to install such guard, and where the employer does so under conditions known by the employer to create a probability of serious injury or death. Absent facts which would establish the employer's knowledge or action regarding the absence of a point of operation guard on a power press, the incident would not come within the exception of section 4558, and an employee would not be entitled to bring "an action at law for damages" arising from the power press injury. If such action cannot be brought on its own where the facts fail to establish all the elements of the power press exception under section 4558, it follows that individual causes of action against an employer which do not meet the requirements of section 4558 cannot be bootstrapped onto a civil action for damages which is properly brought under section 4558.

We now apply this principle to the five causes of action in the first amended complaint. The first cause of action is for negligence. ■ Actionable negligence requires a legal duty to use due care, breach of that duty, and a proximate causal connection between the breach and the plaintiff's injuries. (*Campbell* v. *Bank of America* (1987) 190 Cal.App.3d 1420, 1428 [235 Cal.Rptr. 905].) ■ It does not require direct communication from a manufacturer to the employer regarding the risk involved, nor does it require that the employer specifically authorize the conduct with knowledge that such conduct would create a probability of serious injury or death, all as required under section 4558. Simple negligence thus requires a far lesser showing than that required under section 4558. It follows that a claim based on such negligence does not meet the standards for the power press exception to the exclusive remedy provisions of section 3602. (See *Iverson* v. *Atlas Pacific Engineering* (1983) 143 Cal.App.3d 219, 222, fn. 1 [191 Cal.Rptr. 696] [cause of action for negligence barred under §§ 3600 and 3601 in action for injuries caused by wilful and unprovoked physical acts of aggression by coemployee].)

■ Despite the label of negligence, however, real party alleges in the first cause of action, in the language of section 4558, that petitioner

"negligently, knowingly removed and/or failed to install a point of operation guard on said power press, and that this removal or failure to install was specifically authorized by said Defendant under conditions known by said Defendant to create a probability of serious death or injury." Except for the conclusory allegation that petitioner acted negligently, these allegations are virtually identical to the allegations contained in the fifth cause of action for violation of section 4558. Petitioner concedes that the demurrer was properly overruled as to the fifth cause of action under the exception of section 4558, and it would follow that the similar allegations in the first cause of action should also survive the demurrer. But stating them in two causes of action, as real party has done, is merely duplicative pleading which adds nothing to the complaint by way of fact or theory. For that reason, the demurrer should have been sustained as to this cause of action insofar as it affects petitioner. (See *Rodrigues v. Campbell Industries* (1978) 87 Cal.App.3d 494, 501 [151 Cal.Rptr. 90].)

The second cause of action, for breach of warranty, does not name petitioner as a defendant, and real party presents no argument that it is or could be directed at petitioner. We take this as a judicial admission that real party will not seek relief against petitioner for breach of warranty. Consequently, no further order is required to relieve petitioner from defending this cause of action.

The third cause of action is for strict liability. ■ Strict liability differs from negligence in that it does not require the injured party to prove that the manufacturer, distributor or retailer of the product which caused injury was negligent. It focuses not on the conduct of those who put the product in the stream of commerce, but on the product itself, and fixes liability on those parties if the product was defective and proximately caused injury. (*Fortman v. Hemco, Inc.* (1989) 211 Cal.App.3d 241, 250-251 [259 Cal.Rptr. 311].) ■ If the level of proof of the employer's conduct and knowledge necessary to establish negligence does not meet the statutory requirements for an exception to the workers' compensation remedy, then the lesser standard for strict liability must fail as well. Petitioner's demurrer should have been sustained to this cause of action.

The fourth cause of action is labeled "Intentional Tort." This cause of action alleges that petitioner "intentionally removed and or failed to install a power press guard in violation of Labor Code section 4558." As with the cause of action for negligence, this is merely a duplication of the fifth cause of action for violation of section 4558, with an allegation of intent tacked on. The demurrer should have been sustained as to this cause of action. (*Rodrigues v. Campbell Industries, supra,* 87 Cal.App.3d at p. 501.)

The fifth cause of action is described as a suit under section 4558. While that statute does not create a cause of action, but only allows an action at law to be prosecuted by an employee against an employer where all of its requirements are met, the pleading here adequately states an action at law and meets all of the statutory demands, as petitioner concedes. The demurrer was properly overruled as to this cause of action.

Although we recognize the possibility that more than one theory for relief could be charged against an employer which would meet or exceed the requirements for an exception to the exclusive remedy rule under section 4558, real party has not done so in this case. The sole cause of action in the first amended complaint which qualifies as an exception to the exclusive remedy rule of the workers' compensation act is the fifth cause of action, which states a basis of relief cognizable under section 4558.

This conclusion does not result in a denial of relief to real party. Even under real party's theory, it would be necessary to prove all the elements of a section 4558 violation to even reach his other theories at trial. If a violation of section 4558 is proven, it is difficult to see how any greater recovery could be obtained on any other theory than that which is available under the fifth cause of action. And, as real party concedes, if the requirements of that statute are not established, no recovery at all can be had outside of the workers' compensation system.

### DISPOSITION

Let a peremptory writ of mandate issue directing the Los Angeles County Superior Court to vacate its order overruling petitioner's demurrer to the first, third and fourth causes of action and to enter a new order sustaining its demurrer to those causes of action without leave to amend. Each side is to bear its own costs on appeal.

Woods (A. M.), P. J., and George, J., concurred.