[No. B078923. Second Dist., Div. Four. Oct. 19, 1995.]

KENNETH McCOY, Plaintiff and Appellant, v.
ZAHNISER GRAPHICS, INC., Defendant and Respondent.

108

**COUNSEL**

Peach & Weathers and Timothy W. Peach for Plaintiff and Appellant.

Booth, Mitchel & Strange, David R. Kipper and Laila L. Morcos for Defendant and Respondent.

## OPINION

## VOGEL (C. S.), J.—

### INTRODUCTION

Kenneth McCoy was injured at work while operating a printing press. McCoy sued, inter alia, his employer, Zahniser Graphics, Inc. To avoid the exclusivity provisions of the workers' compensation system, McCoy relied upon Labor Code section 4558.[1] That section permits an employee to file a personal injury action against the employer when the injury results from use of a power press which lacks a safety device referred to as a point of operation guard. Zahniser was granted summary judgment on the basis that the printing press involved in the accident was not a power press within the meaning of section 4558. McCoy appeals. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

The accident occurred while McCoy was operating a Millet TP-38A printing press. The press applies different colors of ink to paper to create printed images or words on the paper. The images are printed onto the paper through a sheet metal plate which has been chemically engraved with the image. The sheet metal plate is attached to a large cylinder inside of the press. Paper is guided through the press by rollers located next to the plate. Ink is then applied to the paper by the sheet metal plate. The printing press does not cut, perforate, or punch the paper; its only function is to print an image on the paper.

McCoy was injured after his left hand was caught in one of the printing press's ink rollers.

The trial court determined, based upon the evidence presented by both parties, "that the printing press which plaintiff McCoy was operating when he sustained his injuries is not a power press as defined by Labor Code § 4558 and California case law because it does not utilize a die designed for the use in the manufacture of other products." This appeal by McCoy followed.

### DISCUSSION

■ "The basic theory of workers' compensation is that where the conditions of compensation exist, benefits under the workers' compensation act

---

[1]All subsequent statutory references are to the Labor Code.

110

provide the exclusive remedy against an employer for injuries sustained in the course of employment. [Citations.]" (*Award Metals, Inc.* v. *Superior Court* (1991) 228 Cal.App.3d 1128, 1132 [279 Cal.Rptr. 459].) Section 4558, the power press exception, is one of the few exceptions to that rule.

Section 4558, subdivision (b) provides, in pertinent part: "An employee . . . may bring an action at law for damages against the employer where the employee's injury . . . is proximately caused by the employer's knowing removal of, or knowing failure to install, a point of operation guard on a power press, and this removal or failure to install is specifically authorized by the employer under conditions known by the employer to create a probability of serious injury or death."

"The obvious legislative intent and purpose in section 4558 is to protect workers from employers who wilfully remove or fail to install appropriate guards on large power tools. Many of these power tools are run by large mechanical motors or hydraulically. [Citation.] These sorts of machines are difficult to stop while they are in their sequence of operation. Without guards, workers are susceptible to extremely serious injuries. For this reason, the Legislature passed section 4558, subdivision (b), which subjects employers to legal liability for removing guards from powerful machinery where the manufacturer has designed the machine to have a protective guard while in operation." (*Ceja* v. *J. R. Wood, Inc.* (1987) 196 Cal.App.3d 1372, 1377 [242 Cal.Rptr. 531].)

Section 4558, subdivision (a)(4) defines a power press as "any material-forming machine that utilizes a die which is designed for use in the manufacture of other products." This statutory definition embraces four elements. "The power press itself is a machine. It is a machine that forms materials. The formation of materials is effectuated with a die. Finally, the materials being formed with the die are being formed in the manufacture of other products." (*Ceja* v. *J. R. Wood, Inc., supra,* 196 Cal.App.3d at p. 1376.)

"The trend of recent decisions in workers' compensation law has been to narrow the range of exceptions to the exclusivity principle, thereby benefiting employers and employees by keeping down the cost of compensation insurance and preserving the low cost, efficiency and certainty of recovery which characterize the workers' compensation system. [Citations.]" (*Award Metals, Inc.* v. *Superior Court, supra,* 228 Cal.App.3d at pp. 1132-1133.)

In light of this analytical framework, we conclude the trial court properly granted summary judgment. The printing press involved in the accident is simply not a power press within the meaning of section 4558. While the printing press is a machine, it is not a machine that *forms* materials to be used in the manufacture of other products. It merely imprints images on paper. Thus, we reject plaintiff's argument that the "printing process, by adding the image to paper . . . changes the form of the paper and results in the production of an entirely new product."

Equally unavailing is plaintiff's argument that the sheet metal plate used in the printing process is a die so that the printing press is a power press. For purposes of applying section 4558, a die is the tool used in the press to cut or form material. (*Ceja* v. *J. R. Wood, Inc.*, *supra*, 196 Cal.App.3d at p. 1376, relying upon the former Cal. Admin. Code; see also *Graham* v. *Hopkins* (1993) 13 Cal.App.4th 1483, 1487-1489 [17 Cal.Rptr.2d 82].) The sheet metal plate is not a die because it is not used to cut or form material to be used in the manufacture of other products.

Lastly, plaintiff urges us to construe the printing press to be a power press because of the "gravity of harm" which may occur from its use. The argument misses the mark. As we have explained, the subject printing press does not meet the statutory definition of a power press. We have no power to rewrite a statute to insert what has been omitted—e.g., to also include a printing press within the ambit of section 4558 because of the danger it potentially poses. "[T]he Legislature was free to assume that the need for protection was 'most evident' in the case of power presses which utilize dies. The Legislature could properly conclude that those machines *uniformly* present a serious danger to workers when point of operation guards are removed, because they uniformly employ a powerful pressing or stamping motion which can cause serious crush injuries. It is true that other large power machines might also present a similar degree of danger. However, the Legislature was not required to provide a similar exception to those machines" (*Graham* v. *Hopkins*, *supra*, 13 Cal.App.4th at p. 1490, italics in original [wood-molding machine which does not utilize a die is not a power press]) and we are not free to rewrite the statute to include one of those machines. (See also *Ceja* v. *J. R. Wood, Inc.*, *supra*, 196 Cal.App.3d at p. 1377 [small hand-held power tools such as circular saws are not power presses].)

## Disposition

The judgment is affirmed.

Epstein, Acting P. J., and Hastings, J., concurred.