Filed 3/18/26  P. v. Simmons-Youngblood CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>STEVEN DELON SIMMONS-YOUNGBLOOD, SR.,<br><br>    Defendant and Appellant. | F089314<br><br>(Super. Ct. No. SC077665A)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Kern County.  Andrew Kendall, Judge.

Michael Reed, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Darren K. Indermill and Justin Pedroso, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

In 1999, defendant Steven Delon Simmons-Youngblood, Sr., was convicted of burglary and two counts of committing a lewd or lascivious act on a child under the age of 14. His resulting sentence of 25 years to life plus 11 years included two upper terms, three prison priors, and restitution fines. In 2025, Simmons-Youngblood was resentenced under Penal Code[1] section 1172.75. The resentencing court struck the three prison priors but otherwise left the sentence intact.

On appeal, Simmons-Youngblood contends: (1) the trial court erred in reimposing the upper terms because the aggravating circumstances were not found by a jury or admitted by Simmons-Youngblood pursuant to Senate Bill No. 567 (2021–2022 Reg. Sess.) (Senate Bill 567); and (2) any unpaid portion of his restitution fines must be vacated pursuant to section 1465.9 as amended by Assembly Bill No. 1186 (2023–2024 Reg. Sess.) (Assembly Bill 1186). The Attorney General argues the court properly reimposed the upper terms but agrees the restitution fines should be vacated.

We vacate Simmons-Youngblood's restitution fines but otherwise affirm the judgment.

## PROCEDURAL BACKGROUND

On September 10, 1999, a jury convicted Simmons-Youngblood of one count of first degree burglary (§ 460, subd. (a); count 4) and two counts of committing a lewd or lascivious act on a child under the age of 14 (§ 288, subd. (a); counts 1 & 2) against a single victim, Jessica G.[2] The jury also found true the allegation that Simmons-Youngblood committed the two lewd acts during commission of a burglary (§ 667.61, subd. (d)(4)). In a bifurcated bench trial, the trial court found true that Simmons-Youngblood had served three prior prison terms (§ 667.5, former subd. (b)).

---

[1]    Undesignated statutory references are to the Penal Code.

[2]    Because the facts are not relevant to the issues raised on appeal, the details of the underlying offenses are omitted. In short, Simmons-Youngblood molested the 12-year-old victim in her bedroom in the middle of the night.

On October 20, 1999, the trial court sentenced Simmons-Youngblood to an indeterminate term of 25 years to life on count 2[3] plus a determinate term of 11 years consisting of the upper term of eight years on count 1[4] and one year for each of the three prison priors.  The court also imposed but stayed pursuant to section 654 the upper term of six years on the burglary[5] (count 4).  The court imposed a restitution fine of $200 on counts 1 and 2 among other fines and fees.

On November 1, 2023, the matter came before the trial court for resentencing under section 1172.75.  The court ordered a supplemental probation officer's report. Counsel was appointed to Simmons-Youngblood in December 2023.

In December 2024, Simmons-Youngblood, through counsel, filed a sentencing brief.  Simmons-Youngblood detailed a history of physical and sexual abuse when he was a child and his rehabilitative efforts during imprisonment including participating in several years of psychotherapy and earning his GED.  In addition to striking the three prison priors, Simmons-Youngblood requested his sentence be reduced as follows: the low or middle term instead of the upper term for the lewd act and elimination or reduction of the section 667.61 sentence.  Simmons-Youngblood argued for imposition of the low term based on amendments to section 1170 made by Senate Bill 567 and

---

[3]    The "One Strike" law (§ 667.61) sets forth an alternative, harsher sentencing scheme for certain sex crimes.  (*People v. Mancebo* (2002) 27 Cal.4th 735, 741.)  The One Strike law "mandates an indeterminate sentence of 15 or 25 years to life in prison when the jury has convicted the defendant of a specified felony sex crime (§ 667.61 [listing applicable crimes]) and has also found certain factual allegations to be true (§ 667.61, subds. (d), (e))."  (*People v. Anderson* (2009) 47 Cal.4th 92, 102.)  Simmons-Youngblood was subject to the One Strike law because he committed a lewd or lascivious act on a child under the age of 14 (§ 288, subd. (a)) during commission of a burglary. (§ 667.61, subds. (c)(8), (d)(4).)

[4]    A violation of section 288, subdivision (a) is punishable by imprisonment in state prison for three, six, or eight years.  (§ 288, subd. (a).)

[5]    First degree burglary is punishable by imprisonment in state prison for two, four, or six years.  (§ 461, subd. (a).)

3.

Assembly Bill No. 124 (2021–2022 Reg. Sess.) (Assembly Bill 124). The prosecution did not file a responsive brief.

On January 24, 2025, the probation officer filed an updated presentence report. The probation officer recommended striking the three prison priors but otherwise leaving Simmons-Youngblood's sentence intact.

The trial court held a resentencing hearing on January 24, 2025. The prosecution submitted to the court a certified copy of Simmons-Youngblood's RAP sheet. The court acknowledged receipt of Simmons-Youngblood's sentencing brief and the probation officer's updated report. The court confirmed there was no dispute the three prison priors did not qualify as sexually violent offenses under Welfare and Institutions Code section 6600. As mitigating factors, the court cited Simmons-Youngblood's numerous laudatory chronos while in prison and the abuse he suffered in childhood. The court stated it "is currently prohibited from imposing the upper term unless circumstances in aggravation are plead and proven." The court cited four aggravating circumstances: (1) Simmons-Youngblood's prior convictions as an adult were numerous (Cal. Rules of Court,[6] rule 4.421(b)(2)), (2) Simmons-Youngblood had three prison terms not being used to enhance this case (rule 4.421(b)(3)), (3) his prior performance on probation and parole was unsatisfactory in that Simmons-Youngblood failed to follow terms and reoffended (rule 4.421(b)(5)), and (4) he engaged in violent conduct that indicates a serious danger to society (rule 4.421(b)(1)).[7] The court found the aggravating factors outweigh the mitigating factors. The court expressed uncertainty on whether the "enhancement" could be stricken under section 667.61, subdivision (g)(1) but stated the court would not strike it even if the court had the authority to do so. The court struck the

---

[6]     Further rule references are to the California Rules of Court.

[7]     The trial court did not expressly cite the rule numbers for the identified aggravating circumstances. We include the corresponding rule number for each circumstance cited by the court.

three prison priors but did not otherwise alter Simmons-Youngblood's sentence. Simmons-Youngblood was resentenced to an indeterminate term of 25 years to life on count 2 plus the upper term of eight years on count 1. The court again imposed but stayed the upper term of six years on count 4. The court imposed a restitution fine of $200 (§ 1202.4, subd. (b)) among other fines and fees.

Simmons-Youngblood filed a timely notice of appeal.

## DISCUSSION

### I. Challenge to Reimposition of Upper Terms

Simmons-Youngblood argues the trial court erred under federal and state law when it reimposed the upper terms on counts 1 and 4 based on aggravating circumstances that were not admitted by Simmons-Youngblood or found true by a jury beyond a reasonable doubt. Specifically, he contends (1) the court's reliance on multiple aggravating factors violated the Sixth Amendment because the factors required fact finding beyond the exception for a prior conviction pursuant to *Apprendi v. New Jersey* (2000) 530 U.S. 466, and (2) the court's error was prejudicial under *People v. Lynch* (2024) 16 Cal.5th 730 (*Lynch*) requiring reversal of the resentencing order. The Attorney General argues the court properly reimposed the upper term on counts 1 and 4 because section 1172.75, subdivision (d)(4) provides an exception to the heightened fact finding requirements for upper term sentences being reimposed in section 1172.75 proceedings where the trial court originally imposed the upper term.

### A. Resentencing Under Section 1172.75

"Prior to January 1, 2020, section 667.5, subdivision (b) required trial courts to impose a one-year sentence enhancement for each true finding on an allegation the defendant had served a separate prior prison term and had not remained free of custody for at least five years." (*People v. Burgess* (2022) 86 Cal.App.5th 375, 379–380.) Section 667.5, subdivision (b) was amended effective January 1, 2020, to eliminate prior

prison term enhancements for all crimes except certain sexually violent offenses. (Stats. 2019, ch. 590, § 1.) Effective January 1, 2022, Senate Bill No. 483 (2021−2022 Reg. Sess.) added former section 1171.1 to the Penal Code (Stats. 2021, ch. 728, § 3), later renumbered as section 1172.75 (Stats. 2022, ch. 58, § 12), to make this change retroactive.[8]

"A defendant serving a term for a judgment that includes a now-invalid enhancement is entitled to resentencing." (*People v. Rhodius* (2025) 17 Cal.5th 1050, 1055 (*Rhodius*); § 1172.75, subds. (a) & (c).) "By its plain terms, section 1172.75 requires a full resentencing, not merely that the trial court strike the newly 'invalid' enhancements." (*People v. Monroe* (2022) 85 Cal.App.5th 393, 402.)

"Section 1172.75, subdivision (d) sets forth detailed instructions for resentencing once a sentence has been recalled." (*Rhodius*, *supra*, 17 Cal.5th at p. 1055.) Specifically, section 1172.75, subdivision (d) provides in relevant part:

> "(1) Resentencing pursuant to this section shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety. Resentencing pursuant to this section shall not result in a longer sentence than the one originally imposed.
>
> "(2) The court shall apply the sentencing rules of the Judicial Council and

---

[8]    Effective January 1, 2025, section 1172.75 was further amended to add subdivision (f) (Stats. 2024, ch. 979, § 2.), which states: "Commencing on January 1, 2025, an individual who has been convicted of a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code and sentenced to death or a life term without the possibility of parole, who, as of January 1, 2025, has not had their judgment reviewed and verified by the sentencing court as provided in subdivision (c), is not eligible for recall and resentencing under this section. This subdivision does not apply retroactively." The parties confirmed at the resentencing hearing that Simmons-Youngblood's prison priors did not qualify as sexually violent offenses under Welfare and Institutions Code section 6600 and the record supports that conclusion.

apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing.

"(3) The court may consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice.

"(4) Unless the court originally imposed the upper term, the court may not impose a sentence exceeding the middle term unless there are circumstances in aggravation that justify the imposition of a term of imprisonment exceeding the middle term, and those facts have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1172.75, subd. (d)(1)−(4).)

## B.      History of Section 1170

When Simmons-Youngblood was originally sentenced to the upper term on counts 1 and 4 in 1999, section 1170, subdivision (b) provided that when a statute specified three possible terms, the middle term was the presumptive term and the aggravating or mitigating circumstances permitting the court to impose a higher or lower term had to be found by the court by a preponderance of the evidence. (*Lynch*, *supra*, 16 Cal.5th at p. 746.)

In 2007, the United States Supreme Court determined California's former determinate sentencing scheme was unconstitutional. (*Cunningham v. California* (2007) 549 U.S. 270, 281.) The high court had previously held in *Apprendi* that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt" pursuant to the Sixth Amendment. (*Apprendi v. New Jersey*, *supra*, 530 U.S. at p. 490.) The *Cunningham* court concluded California's pre-2007 sentencing scheme violated *Apprendi*'s bright-line rule. (*Cunningham*, at pp. 288–289.) The United

States Supreme Court identified two ways California could modify its sentencing scheme to comply with the Sixth Amendment: (1) submit to the jury any fact used to impose an elevated sentence, or (2) permit judges to exercise broad discretion within a statutory range. (*Cunningham*, at p. 294.)

In 2007, the California Legislature chose the second option identified in *Cunningham* by amending section 1170 to give the trial judge the discretion to choose between the lower, middle, or upper term. (Former § 1170, subd. (b), enacted by Stats. 2007, ch. 3, § 2.) The 2007 amendment "eliminate[d] the middle term presumption and instead [gave] the trial court authority to select among any of the three terms as a matter of discretion and without any judicial factfinding." (*Lynch*, *supra*, 16 Cal.5th at p. 759.)

Effective January 1, 2022, Senate Bill 567 amended section 1170 again to "embrace *Cunningham*'s first option." (*Lynch*, *supra*, 16 Cal.5th at p. 748.) Under the current version of the statute, the middle term is the presumptive sentence (§ 1170, subd. (b)(1)) and "[t]he court may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term and the facts underlying those circumstances have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial" (§ 1170, subd. (b)(2)).[9] A trial court may however rely on certified records of conviction to determine prior convictions without submitting the matter to a jury. (§ 1170,

---

[9]    The California Rules of Court were also amended to provide guidance to the court on how to exercise its new discretion. For imposition of the upper term, rule 4.420(b) provides: "The court may only choose an upper term when (1) there are circumstances in aggravation of the crime that justify the imposition of an upper term, and (2) the facts underlying those circumstances have been (i) stipulated to by the defendant, (ii) found true beyond a reasonable doubt at trial by a jury, or (iii) found true beyond a reasonable doubt by the judge in a court trial."

subd. (b)(3).) Assembly Bill 124, also effective January 1, 2022, further amended section 1170 to make the low term the presumptive sentence under certain circumstances[10] "unless the court finds that the aggravating circumstances outweigh the mitigating circumstances [such] that imposition of the lower term would be contrary to the interests of justice." (§ 1170, subd. (b)(6).)

In *Lynch*, our Supreme Court considered the application of Senate Bill 567 to defendants whose judgments were not final on direct appeal at the time the amended statute took effect. (*Lynch*, *supra*, 16 Cal.5th at pp. 742–743.) The court concluded that "current section 1170[, subdivision] (b) operates in such a manner as to trigger the Sixth Amendment jury trial right with respect to every aggravating fact (other than a prior conviction) the trial court uses to justify an upper term sentence." (*Lynch*, at p. 768.) "An upper term sentence may be imposed 'only' when circumstances in aggravation 'justify' that term, and 'only' when the facts underlying 'those' justifying circumstances have been stipulated to by the defendant or found true beyond a reasonable doubt at a jury or court trial." (*Id*. at p. 759.) The court held that "in a case where the judgment is not yet final, a sentence imposed under former section 1170[, subdivision] (b) must be reversed and remanded unless the reviewing court concludes beyond a reasonable doubt that a jury, applying that same standard, would have found true all of the aggravating facts upon which the court relied to conclude the upper term was justified, or that those facts were otherwise proved true in compliance with the current statute." (*Lynch*, at p. 743.)

### C.    Analysis

Simmons-Youngblood argues Senate Bill 567 constitutes a change in law under

---

[10]    These circumstances include that the defendant "experienced psychological, physical, or childhood trauma," was a youth at the time the offense was committed or was a victim of intimate partner violence or human trafficking prior to or at the time of commission of the offense. (§ 1170, subd. (b)(6)(A)–(C).)

section 1172.75, subdivision (d)(2) and the trial court was required to apply the amended version of section 1170 when resentencing him. He claims the court correctly concluded section 1170, subdivision (b)(2) applied at his resentencing but then improperly proceeded to find aggravating factors on its own. Simmons-Youngblood contends he was constitutionally entitled to a jury determination beyond a reasonable doubt of any sentence-enhancing facts that increase the maximum authorized term except the fact of a prior conviction under *Apprendi*, as well as *Erlinger v. United States* (2024) 602 U.S. 821 and *People v. Wiley* (2025) 17 Cal.5th 1069.[11]

Preliminarily, the record does not support Simmons-Youngblood's claim the trial court concluded section 1170 as amended by Senate Bill 567 applied at the section 1172.75 resentencing. Though the court stated it was prohibited from imposing the upper term unless the aggravating circumstances have been pled and proven, the court did not state the circumstances must be found true by a jury beyond a reasonable doubt. Even if we assume the court believed amended section 1170 applied, we review the issue de novo as a question of statutory interpretation. (*People v. Walker* (2024) 16 Cal.5th 1024, 1032; *People v. Borynack* (2015) 238 Cal.App.4th 958, 962.)

As previously stated, section 1172.75, subdivision (d)(4) provides that "[u]*nless the court originally imposed the upper term*, the court may not impose a sentence exceeding the middle term unless there are circumstances in aggravation that justify the imposition of a term of imprisonment exceeding the middle term, and those facts have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (Italics added.) The courts of appeal

---

[11]    Simmons-Youngblood claims without substantive discussion there was a possibility the trial court would impose the low term under section 1170, subdivision (b)(6) based on the evidence he suffered childhood trauma. The absence of cogent legal argument supporting this claim permits this court to treat it as forfeited. (*In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830; accord, *People v. Stanley* (1995) 10 Cal.4th 764, 793.)

have disagreed on how to interpret this provision as it relates to Senate Bill 567 and section 1172.75, subdivision (d)(2).[12]

In *People v. Brannon-Thompson* (2024) 104 Cal.App.5th 455 (*Brannon-Thompson*), the defendant argued on appeal the trial court erred by reimposing the upper term without complying with Senate Bill 567 when he was resentenced under section 1172.75. (*Brannon-Thompson*, at p. 464.) The Third District Court of Appeal found the defendant forfeited his claim because his counsel failed to object in the trial court and counsel was not ineffective for failing to object because, based on the plain language of section 1172.75, "there was no sound legal basis for trial counsel to raise an objection to the trial court reimposing the upper term." (*Brannon-Thompson*, at p. 466.) The court concluded "it is evident the Legislature intended the new burden of proof amendments to section 1170, subdivision (b) apply only if the trial court is imposing the upper term for the first time at a section 1172.75 resentencing. Section 1172.75, subdivision (d)(4) is, therefore, an exception to the general rule that the trial court must apply ameliorative changes in the law at a section 1172.75 resentencing." (*Brannon-Thompson*, at pp. 466–467.)

Simmons-Youngblood urges this court to follow *People v. Gonzalez* (2024) 107 Cal.App.5th 312, wherein the Sixth District Court of Appeal disagreed with *Brannon-Thompson*. Though the *Gonzalez* court found *Brannon-Thompson*'s interpretation of section 1172.75 reasonable, the court concluded "another reasonable interpretation of section 1172.75, subdivision (d)(4) would simply *restrict the scope of defendants eligible to receive the upper term* at resentencing to those who previously received the

---

[12] Our Supreme Court is poised to address whether section 1172.75, subdivision (d)(4) allows a trial court to reimpose an upper term sentence where the facts underlying one or more aggravating circumstances were neither stipulated to by the defendant nor found true beyond a reasonable doubt by the factfinder. (*People v. Eaton* (Mar. 14, 2025, C096853) [nonpub. opn.], review granted May 14, 2025, S289903.)

upper term, instead of creating a condition or exception independently justifying the imposition of the upper term.  Under such an interpretation, a defendant would be eligible for the upper term but could not receive it in the absence of aggravating factors stipulated to by the defendant or proven beyond a reasonable doubt to the trier of fact." (*Gonzalez*, at p. 329.)  The court explained that "reading an exemption into section 1172.75, subdivision (d)(4) …, and thereby allowing a court to resentence a defendant to an upper term sentence without proof beyond a reasonable doubt of aggravating factors, would run afoul of the Sixth Amendment implications identified in *Lynch*." (*Gonzalez*, at p. 330.)  The court concluded that "[u]nder the doctrine of constitutional avoidance, a statute should not be construed to violate the Constitution if any other construction is viable.  [Citation.]  With that in mind, the statutory interpretation for section 1172.75, subdivision (d)(4), which simply *restricts the scope of defendants eligible to receive the upper term*, allows us to read the statute in a manner that is internally consistent and avoids running afoul of the Sixth Amendment.  Under such an interpretation, a defendant would be eligible for the upper term but could not receive it in the absence of aggravating factors stipulated to by the defendant or proven beyond a reasonable doubt to the trier of fact.  In other words, the same requirements for imposing an upper term under section 1170, subdivision (b)(2) would apply, thus eliminating any potential conflict between the statutes.  As a result, section 1172.75, subdivisions (d)(2) and (4) would also not conflict, and the statutory scheme would not be construed to violate the Sixth Amendment." (*Gonzalez*, at p. 330.)

Subsequently, the First District Court of Appeal in *People v. Mathis* (2025) 111 Cal.App.5th 359, review granted Aug. 13, 2025, S291628, rejected the analysis in *Gonzalez* and followed *Brannon-Thompson*.  The court "disagree[d] that the Sixth Amendment is implicated" where the defendant's sentence in 2017 was imposed pursuant to the prior version of section 1170, subdivision (b), under which the trial court had broad discretion to select any of the three applicable prison terms. (*Mathis*, at

12.

p. 373.)  The court observed that the prior sentencing "scheme authorized the imposition of upper term sentences without any additional fact-finding" and "fully complied with the Sixth Amendment." (*Ibid*.)  The court concluded that where "the trial court elects to retain an upper term sentence that complied with the Sixth Amendment when originally imposed, the court need not engage in any additional factfinding under section 1172.75, subdivision (d)(4)." (*Mathis*, at pp. 373–374.)  The court rejected the defendant's argument section 1172.75 was ambiguous "because more specific legislative enactments control over general ones.  [Citation.]  And here, section 1172.75, subdivision (d)(2), addresses the general topic of changes in law, whereas subdivision (d)(4) of that statute more specifically deals with the new factfinding requirement, making clear that it does *not* apply where 'the court originally imposed the upper term.' " (*Mathis*, at p. 374, citing *Brannon-Thompson*, *supra*, 104 Cal.App.5th at p. 467.)

We conclude *Brannon-Thompson* and *Mathis* offer the more persuasive interpretation of section 1172.75.  " 'As in any case involving statutory interpretation, our fundamental task here is to determine the Legislature's intent so as to effectuate the law's purpose.  [Citation.]  We begin by examining the statute's words, giving them a plain and commonsense meaning.  [Citation.]' " (*People v. Harrison* (2013) 57 Cal.4th 1211, 1221.)  "[C]ourts should first look to the plain dictionary meaning of the word unless it has a specific legal definition." (*Ceja v. J.R. Wood, Inc.* (1987) 196 Cal.App.3d 1372, 1375.)  "The word 'unless' when used as a conjunction means 'except on the condition that.' " (*Miklosy v. Regents of University of California* (2008) 44 Cal.4th 876, 888, quoting Webster's 9th New Collegiate Dict. (1988) p. 1292; see Merriam-Webster Dict. Online (2026) <https://www.merriam-webster.com/dictionary/unless> [as of March 18, 2026], archived at: <https://perma.cc/6NWR-2AJM>.)  Accordingly, "a proviso or clause beginning with the word 'unless' means an exception or condition subsequent." (*Baggett v. Housing Authority* (1987) 195 Cal.App.3d 383, 389.)

Section 1172.75, subdivision (d)(4) provides both a requirement and an exception

13.

to that requirement. The statute essentially mirrors section 1170, subdivision (b)(2) as amended by Senate Bill 567 by requiring either a stipulation or a jury trial on any facts used to impose an upper term in a section 1172.75 resentencing. By specifying that "[*u*]*nless the court originally imposed the upper term*," section 1172.75, subdivision (d)(4) "carves out an exception" to its application and "to the general rule [in section 1172.75, subdivision (d)(2)] that all ameliorative changes to the law must be applied at a section 1172.75 resentencing." (*Brannon-Thompson*, *supra*, 104 Cal.App.5th at p. 458.) If the resentencing court wishes to impose an upper term that was not originally imposed, section 1172.75, subdivision (d)(4) mandates the heightened fact finding consistent with section 1170, subdivision (b)(2). But where the court is reimposing the upper term, no heightened fact finding is required.

We disagree with Simmons-Youngblood that *Gonzalez* provides the more persuasive interpretation of section 1172.75. If the Legislature intended to limit the pool of defendants eligible for an upper term at resentencing under section 1172.75, it chose a circuitous way of doing so. The Legislature could have simply restricted upper term eligibility at resentencing to certain defendants. We "generally presume that our Legislature takes the more direct route to achieve its purpose, which counsels against construing statutes to have a meaning that requires more complex linguistic gymnastics to reach." (*People v. Walker* (2022) 86 Cal.App.5th 386, 398; see *Rhodius*, *supra*, 17 Cal.5th at p. 1062 ["if it was the Legislature's intent to defer the invalidation and reexamination of stayed section 667.5[, subdivision] (b) enhancements, we expect that it would have put the matter more plainly"]; *Brodie v. Worker's Comp. Appeals Bd.* (2007) 40 Cal.4th 1313, 1328, fn. 10 [" '[T]he principle of Occam's razor—that the simplest of competing theories should be preferred over more complex and subtle ones—is as valid juridically as it is scientifically.' "].)

We note though that Simmons-Youngblood was originally sentenced under the pre-2007 sentencing scheme found unconstitutional in *Cunningham*. Because the

defendant in *Mathis* was originally sentenced under section 1170 as amended to comply with *Cunningham*, the *Mathis* court expressly did not consider the circumstance of a defendant sentenced under the pre-2007 version of section 1170. (*People v. Mathis*, *supra*, 111 Cal.App.5th at p. 373, fn. 7.) Unlike in *Mathis*, we cannot say the original imposition of the upper terms against Simmons-Youngblood complied with the Sixth Amendment.

*People v. Dozier* (2025) 116 Cal.App.5th 700, review granted February 11, 2026, S294597 (*Dozier*) addressed whether a trial court may reimpose the upper term in a section 1172.75 proceeding without heightened fact finding on the aggravating factors where the defendant was sentenced under the pre-2007 sentencing scheme. (*Dozier*, at p. 706.)[13] The *Dozier* court found that "[s]ection 1172.75, subdivision (d)(4), allows a court to reimpose an upper term, without heightened factfinding, both on defendants originally sentenced between 2007 and 2022 under a statute that gave the trial court discretion to select the lower, middle, or upper term without any judicial factfinding (a statutory scheme that, ' " 'everyone agrees,' encounters no Sixth Amendment shoal" ' (*Lynch*, *supra*, 16 Cal.5th at p. 747)) and on defendants originally sentenced before 2007, under the statute the United States Supreme Court found unconstitutional in *Cunningham* …, because it allowed the trial court to impose the upper term based on judicial factfinding." (*Dozier*, at p. 715.) The court relied on the presumption the Legislature was aware of the previous version of section 1170 and *Cunningham* when enacting section 1172.75. (*Dozier*, at p. 715, citing *People v. Frahs* (2020) 9 Cal.5th 618, 634 [" 'the Legislature "is deemed to be aware of existing laws and judicial constructions in effect at the time legislation is enacted" ' "].) Under that presumption, the *Dozier* court reasoned "the Legislature intended that, under section 1172.75, subdivision (d)(4), some

---

[13]     Neither Simmons-Youngblood nor the Attorney General discusses *Dozier*, which issued during briefing in this matter.

defendants previously sentenced to an upper term based on judicial factfinding could be resentenced to an upper term without any new heightened factfinding." (*Dozier*, at p. 715.)  The court noted "[t]he Legislature was entitled to make that choice in enacting this ameliorative legislation.  (See *People v. Standish* (2006) 38 Cal.4th 858, 880 [' "The judiciary, in reviewing statutes enacted by the Legislature, may not undertake to evaluate the wisdom of the policies embodied in such legislation; absent a constitutional prohibition, the choice among competing policy considerations in enacting laws is a legislative function." '].)" (*Dozier*, at p. 715.)

The *Dozier* court acknowledged *Cunningham* held the pre-2007 sentencing scheme violated the Sixth Amendment but found "*Cunningham* does not apply retroactively to Dozier's sentence, which became final in 2001." (*Dozier*, *supra*, 116 Cal.App.5th at p. 715, citing *In re Gomez* (2009) 45 Cal.4th 650, 660 [*Cunningham* applies retroactively to cases not yet final when the United States Supreme Court decided *Blakely v. Washington* (2004) 542 U.S. 296].)[14]  Nor did the 2022 amendment to section 1170 apply retroactively to Dozier.  (*Dozier*, at p. 716; see *Lynch*, *supra*, 16 Cal.5th at p. 742 [the 2022 amendment to section 1170, subdivision (b) applies retroactively to defendants " 'whose judgments were not final on direct appeal at the time the statute took effect' "].)  "By not extending the new heightened factfinding requirements to defendants like Dozier previously sentenced to an upper term, the Legislature left them in the same position they were in before resentencing—unable to take advantage of a nonretroactive ameliorative change in the law.  Section 1172.75, subdivision (d)(4), in effect made the new heightened factfinding requirements retroactive for some, but not all, defendants eligible for resentencing under

---

[14]   In *Blakely v. Washington*, the United States Supreme Court explained "that the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*." (*Blakely v. Washington*, *supra*, 542 U.S. at p. 303.)

section 1172.75.  That was not unconstitutional." (*Dozier*, at p. 716, fn. omitted.)

We agree with *Dozier*.  Under the Sixth Amendment "any fact that exposes a defendant to a *greater potential sentence* must be found by a jury, not a judge, and established beyond a reasonable doubt." (*Cunningham v. California*, *supra*, 549 U.S. at p. 281, italics added.)  Section 1172.75 is an ameliorative statute that precludes imposition of a greater sentence and only permits the court to impose the same sentence or reduce it after striking a now-invalid prison prior.  (§ 1172.75, subd. (d)(1).)  Because defendants are not exposed to a greater potential sentence in a section 1172.75 resentencing, the statute does not contemplate improper fact finding in violation of the Sixth Amendment.  (See *People v. Perez* (2018) 4 Cal.5th 1055, 1063–1064 [Proposition 36's resentencing scheme does not implicate the Sixth Amendment because the trial court's consideration of facts only determines resentencing eligibility and does not increase the sentence; it simply leaves the original sentence intact]; *People v. Rivas-Colon* (2015) 241 Cal.App.4th 444, 451–452 [section 1170.18 resentencing does not require a jury trial on the value of stolen property because the only question is whether the defendant's sentence can be reduced, not increased]; *Dillon v. United States* (2010) 560 U.S. 817, 828–829 [federal sentence modification scheme did not implicate Sixth Amendment because the scheme only permitted reduction of a sentence and did not increase the prescribed range of punishment].)  Although Simmons-Youngblood's case became nonfinal when his sentence was vacated for resentencing and ameliorative statutes like Senate Bill 567 presumably apply to all nonfinal cases "absent a discernable intent to the contrary," the Legislature is free to "provide for a different or more limited form of retroactivity, or for no retroactivity at all." (*People v. Padilla* (2022) 13 Cal.5th 152, 162.)  The language of section 1172.75, subdivision (d)(4), which was passed during the same legislative session as Senate Bill 567, evinces a legislative intent to require the heightened fact finding only where the court did not originally impose the upper term.  Because the upper term was originally imposed against Simmons-Youngblood on

17.

counts 1 and 4, the trial court could reimpose the upper term on those counts without submitting the aggravating circumstances to a jury. Doing so did not implicate the Sixth Amendment. (*Lynch*, *supra*, 16 Cal.5th at p. 759 ["It is the requirement of additional factfinding that brings the Sixth Amendment into play."].)[15]

We conclude the trial court did not err by reimposing the upper term on counts 1 and 4 without a true finding on the aggravating circumstances by a jury beyond a reasonable doubt.

## II. Vacatur of Restitution Fines

Simmons-Youngblood argues the abstract of judgment must be corrected to reflect any unpaid portion of his restitution fines on counts 1 and 2 are vacated. He contends the fines are void pursuant to section 1465.9 as amended by Assembly Bill 1186 because they were imposed more than 10 years ago. The Attorney General agrees, as do we.

Section 1202.4, subdivision (b) mandates that "[i]n every case where a person is convicted of a crime, the court shall impose a separate and additional restitution fine, unless it finds compelling and extraordinary reasons for not doing so and states those reasons on the record." Effective January 1, 2025, Assembly Bill 1186 amended section 1465.9 to add subdivision (d) which states: "Upon the expiration of 10 years after the date of imposition of a restitution fine pursuant to [s]ection 1202.4, the balance, including any collection fees, shall be unenforceable and uncollectible and any portion of a judgment imposing those fines shall be vacated."

The trial court imposed a restitution fine of $200 on counts 1 and 2 when Simmons-Youngblood was originally sentenced in 1999. Because more than 10 years have passed since imposition of these fines, any unpaid portion of the fines must be vacated pursuant to section 1465.9, subdivision (d). We note the trial court's

---

[15] Given our disposition, we need not and do not address Simmons-Youngblood's argument the jury trial right attached to the aggravating circumstances cited by the trial court or the issue of prejudice.

reimposition of the fine at resentencing in 2025 did not restart the 10-year clock. (*People v. Salstrom* (2025) 117 Cal.App.5th 596, 600–601, review granted Mar. 11, 2026, S295038.)

## DISPOSITION

The $200 restitution fines imposed on counts 1 and 2 pursuant to section 1202.4, subdivision (b) are vacated. The trial court shall prepare an amended abstract of judgment reflecting the restitution fines have been vacated. The trial court shall then forward a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.


HARRELL, J.

WE CONCUR:


DETJEN, Acting P. J.


PEÑA, J.

19.